## RAILROAD COMPANY *v.* JONES.

1. Negligence may consist in either failing to do what, under the circumstances, a reasonable and prudent man would ordinarily have done, or in doing what he would not have done.

2. A. was one of a party of men employed by a railroad company in constructing and repairing its roadway. They were usually conveyed by the company to and from the place where their services were required, and a box-car was assigned to their use. Although on several occasions forbidden to do so, and warned of the danger, A., on returning from work one evening, rode on the pilot or bumper of the locomotive, when the train, in passing through a tunnel, collided with cars standing on the track, and he was injured. There was ample room for him in the box-car. All in it were unhurt. *Held,* 1. That, as A. would not have been injured had he used ordinary care and caution, he is not entitled to recover against the company. 2. That the knowledge, assent, or direction of the agents of the company as to what he did at the time in question is immaterial. The company, although bound to a high degree of care, did not insure his safety.

ERROR to the Supreme Court of the District of Columbia.

This was an action by Jones against the Baltimore and Potomac Railroad Company, to recover damages for an injury received on the road of the company. Judgment was rendered in his favor, and the company brought the case here.

The facts are fully stated in the opinion of the court.

*Mr. Enoch Totten* for the plaintiff in error.

*Mr. Edward C. Carrington* and *Mr. Campbell Carrington,* contra.

MR. JUSTICE SWAYNE delivered the opinion of the court.

The defendant in error was the plaintiff in the court below. Upon the trial there, he gave evidence to the following effect:

For several months prior to the 12th of November, 1872, he was in the service of the company as a day-laborer. He was one of a party of men employed in constructing and keeping in repair the roadway of the defendant. It was usual for the defendant to convey them to and from their place of work. Sometimes a car was used for this purpose; at others, only a locomotive and tender were provided. It was common, whether a car was provided or not, for some of the men to ride on the pilot or bumper in front of the locomotive. This was done with the approval of Van Ness, who was in charge of the laborers when at work, and the conductor of the train which carried them both ways. The plaintiff had no connection with the train. On the 12th of November before mentioned, the party of laborers, including the plaintiff, under the direction of Van Ness, were employed on the west side of the eastern branch of the Potomac, near where the defendant's road crosses that stream, in filling flat cars with dirt and unloading them at an adjacent point. The train that evening consisted of a locomotive, tender, and box-car. When the party was about to leave on their return that evening, the plaintiff was told by Van Ness to jump on anywhere; that they were behind time, and must hurry.

The plaintiff was riding on the pilot of the locomotive, and while there the train ran into certain cars belonging to the defendant and loaded with ties. These cars had become detached from another train of cars, and were standing on the track in the Virginia avenue tunnel. The accident was the result of negligence on the part of the defendant. Thereby one of the plaintiff's legs was severed from his body, and the other one severely injured. Nobody else was hurt, except two other persons, one riding on the pilot with the plaintiff, and the other one on the cars standing in the tunnel.

The defendant then gave evidence tending to prove as follows: About six weeks or two months before the accident, a box-car had been assigned to the construction train with which the plaintiff was employed. The car was used thereafter every day. About the time it was first used, and on several occasions before the accident, Van Ness notified the laborers that they must ride in the car and not on the engine; and the plaintiff in

particular, on several occasions not long before the disaster, was forbidden to ride on the pilot, both by Van Ness and the engineer in charge of the locomotive. The plaintiff was on the pilot at the time of the accident, without the knowledge of any agent of the defendant. There was plenty of room for the plaintiff in the box-car, which was open. If he had been anywhere but on the pilot, he would not have been injured. The collision was not brought about by any negligence of the defendant's agents, but was unavoidable. The defendant's agents in charge of the two trains, and the watchman in the tunnel, were competent men.

The plaintiff, in rebuttal, gave evidence tending to show that sometimes the box-car was locked when there was no other car attached to the train, and that the men were allowed by the conductor and engineer to ride on the engine, and that on the evening of the accident the engineer in charge of the locomotive knew that the plaintiff was on the pilot.

The evidence being closed, the defendant's counsel asked the court to instruct the jury as follows: " If the jury find from the evidence that the plaintiff knew the box-car was the proper place for him, and if he knew his position on the pilot of the engine was a dangerous one, then they will render a verdict for the defendant, whether they find that its agents allowed the plaintiff to ride on the pilot or not."

This instruction was refused, and the defendant's counsel excepted.

Three questions arise upon the record : —

1. The exception touching the admission of evidence.

2. As to the application of the rule relative to injuries received by one servant by reason of the negligence of another servant, both being at the time engaged in the same service of a common superior.

3. As to contributory negligence on the part of the plaintiff.

We pass by the first two without remark. We have not found it necessary to consider them. In our view, the point presented by the third is sufficient to dispose of the case.

Negligence is the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such a person under

the existing circumstances would not have done. The essence of the fault may lie in omission or commission. The duty is dictated and measured by the exigencies of the occasion. See Wharton on Negligence, sect. 1, and notes.

One who by his negligence has brought an injury upon himself cannot recover damages for it. Such is the rule of the civil and of the common law. A plaintiff in such cases is entitled to no relief. But where the defendant has been guilty of negligence also, in the same connection, the result depends upon the facts. The question in such cases is : 1. Whether the damage was occasioned entirely by the negligence or improper conduct of the defendant; or, 2. Whether the plaintiff himself so far contributed to the misfortune by his own negligence or want of ordinary care and caution, that but for such negligence or want of care and caution on his part the misfortune would not have happened.

In the former case, the plaintiff is entitled to recover. In the latter, he is not. *Tuff* v. *Warman,* 5 C. B. N. S. 573 ; *Butterfield* v. *Forrester,* 11 East, 58 ; *Bridge* v. *Grand Junction Railroad Co.,* 3 M. & W. 244 ; *Davis* v. *Mann,* 10 id. 546 ; *Clayards* v. *Dethick,* 12 Q. B. 439 ; *Van Lien* v. *Scoville Manufacturing Co.,* 14 Abb. (N. Y.) Pr. N. S. 74 ; *Ince* v. *East Boston Ferry Co.,* 106 Mass. 149.

It remains to apply these tests to the case before us. The facts with respect to the cars left in the tunnel are not fully disclosed in the record. It is not shown when they were left there, how long they had been there, when it was intended to remove them, nor why they had not been removed before. It does appear that there was a watchman at the tunnel, and that he and the conductor of the train from which they were left, and the conductor of the train which carried the plaintiff, were all well selected, and competent for their places. For the purposes of this case, we assume that the defendant was guilty of negligence.

The plaintiff had been warned against riding on the pilot, and forbidden to do so. It was next to the cow-catcher, and obviously a place of peril, especially in case of collision. There was room for him in the box-car. He should have taken his place there. He could have gone into the box-car in as little,

if not less, time than it took to climb to the pilot. The knowl-edge, assent, or direction of the company's agents as to what he did is immaterial. If told to get on anywhere, that the train was late, and that he must hurry, this was no justification for taking such a risk. As well might he have obeyed a suggestion to ride on the cow-catcher, or put himself on the track before the advancing wheels of the locomotive. The company, though bound to a high degree of care, did not insure his safety. He was not an infant nor *non compos*. The liability of the company was conditioned upon the exercise of reasonable and proper care and caution on his part. Without the latter, the former could not arise. He and another who rode beside him were the only persons hurt upon the train. All those in the box-car, where he should have been, were uninjured. He would have escaped also if he had been there. His injury was due to his own recklessness and folly. He was himself the author of his misfortune. This is shown with as near an approach to a demonstration as any thing short of mathematics will permit. The case is thus clearly brought within the second of the predicates of mutual negligence we have laid down. *Hickey* v. *Boston & Lowell Railroad Co.*, 14 Allen (Mass.), 429; *Todd* v. *Old Colony Railroad Co.*, 3 id. 18; s. c. 7 id. 207; *Gavett* v. *M. & L. Railroad Co.*, 16 Gray (Mass.), 501; *Lucas* v. *N. B. & T. Railroad Co.*, 6 id. 64; *Ward* v. *Railroad Company*, 2 Abb. (N. Y.) Pr. N. s. 411; *Galena & Chicago Union Railroad Co.* v. *Yarwood*, 15 Ill. 468; *Dogget* v. *Illinois Central Railroad Co.*, 34 Iowa, 284.

The plaintiff was not entitled to recover. It follows that the court erred in refusing the instruction asked upon this subject. If the company had prayed the court to direct the jury to return a verdict for the defendant, it would have been the duty of the court to give such direction, and error to refuse. *Gavett* v. *M. & L. Railroad Co.*, *supra*; *Merchants' Bank* v. *State Bank*, 10 Wall. 604; *Pleasants* v. *Fant*, 22 id. 121.

> *Judgment reversed, and the cause remanded with directions to issue a venire de novo, and to proceed in conformity with this opinion.*