CASE No. 1061.

## GUNTER v. GRANITEVILLE MANUFACTURING COMPANY.

1. The plaintiff in a civil case having declared that he had no objections to the jury as it then stood, cannot challenge two jurors afterwards drawn to supply vacancies caused by the defendant's challenges. *Huff* v. *Watkins, ante* 82, affirmed.
2. Wharton's definition of negligence approved.

3. Unless propositions submitted as a whole in requests to charge are wholly correct, it is not the duty of the trial-judge to charge them, or any part of them.

4. If injury to a servant results from the negligent act of the master or of his representative, the master is *prima facie* liable.

5. If such injury results from defective machinery, or the negligent act of a co-servant, the master is not responsible unless the proof shall go further and show that the master's negligence in purchasing and overlooking his machinery, or in employing and supervising his servants, was the cause of his having defective machinery in use and negligent servants engaged.

6. If, however, in any of these cases, it should appear that the negligence of the injured party contributed to the injury in such degree as to become one of the proximate causes thereof, so as to relieve these other causes from being the entire cause, this would be a good defence.

Before Thomson, J., Aiken, September, 1880.

This was an action by Marina S. Gunter against the Graniteville Manufacturing Company, a body corporate, commenced October 4th, 1879, for injuries to the plaintiff in the August preceding, resulting in the loss of her right eye, to her damage $10,000. The defendants admitted the injury, but alleged that it was the result of an accident incident to her employment, was caused by a fellow-servant, and by her own gross negligence. The defendant denied the allegation of the complaint that the injury resulted from defective machinery, and from the negligence of the defendant in repairing a loom during work-hours. Upon these issues the case was tried, the evidence conflicting.

The opinion states the facts relating to the challenge of jurors.

The plaintiff requested the court to charge the jury *inter alia*—

3. If, through the negligent repairing of machinery the plaintiff is injured, then the defendants are liable, the master being liable for the repairer's negligence.

5. It is the duty of the employer to advise the employee of all such latent defects that he has no obvious means of knowing, and if the defendants failed to do so, and by reason of such neglect the plaintiff is injured, then the defendants are liable.

7. That if the jury find that Mr. Collville had notice that the loom was unsafe, and that he neglected to have such loom repaired, and by reason of such neglect the plaintiff was injured, then the defendants are liable; notice to Mr. Collville being notice to the company.

8. That if the plaintiff gave notice to Mr. Collville of the defects of the loom, and was promised it should be repaired, she is not, as a matter of law, guilty of contributory negligence by remaining, and if the injury afterwards occurred through the negligence of the defendants, the plaintiff is entitled to recover.

The defendants requested the court to charge the jury *inter alia*—

2. That if the jury find that the plaintiff contributed to the accident, or by the exercise of ordinary care could have prevented it, then the verdict must be for the defendants.

3. That even if the defendants are found to be negligent because of any defects in the looms, or want of repairs thereon, if the plaintiff, by the exercise of ordinary care could have avoided the accident, she cannot recover.

4. That even if the defendants are found to be grossly negligent because of any defects in the looms, or want of repairs thereon, if the plaintiff, by her want of care, contributed in any wise to the accident, she cannot recover.

5. That if the jury conclude that the accident was caused by some defect in the looms, not open, but latent, not known to the president, or directors, or superintendent of the company, whose duty it was to furnish suitable machinery, then the verdict must be for the defendants.

6. That if the jury conclude that the accident was caused by some defect in the looms, whether known to the witness Harling, or not, he being merely a fellow-servant of the plaintiff, engaged in the same common business, and having no power to *hire* or *discharge* hands, *furnish* or *change* machinery, the superintendent, who alone had said powers, having no knowledge of said defect, then the verdict must be for the defendants.

8. That the plaintiff, when she entered into the employment of the defendants, as a laborer in their factory, assumed all the

risks incident to said employment, and that negligence of co-servants is one of said risks ; hence, if the jury find that she was injured by the negligence of Harling, her co-laborer, she cannot recover, and the verdict must be for the defendants.

13. That is order to find a verdict for the plaintiff, the jury must be satisfied that the misfortune happened without the fault or negligence of the plaintiff, but from the gross negligence of the defendants.

His Honor charged the plaintiff's request as follows, to wit : The 3d, 7th and 8th, in the words as requested. As to the 3d and 5th request, he charged as follows : " I charge as requested by the plaintiff, but you must first find that the defect really existed, and that it was the immediate cause of the injury."

He refused to charge the 5th and 6th requests of the defendants. He charged their 2d request, modified as follows : " That if the jury find that the plaintiff contributed to the accident *from want of ordinary care,* or by the exercise of ordinary care could have prevented it, then the verdict must be for the defendants." He charged their 3d request modified as follows : " That even if the defendants are found to be negligent because of any defect in the looms, or want of repairs thereon, *and the defects are not the proximate cause of the injury,* if the plaintiff, by the exercise of ordinary care, could have avoided the accident, she cannot recover." He charged their 4th request, modified as follows : " That even if the defendants are found to be grossly negligent because of any defects in the loom, or want of repairs thereon, *and the defects are not the proximate cause of the injury,* if the plaintiff, by her want of care, contributed in any wise to the accident, she cannot recover." He charged their 13th request, modified as follows : " That in order to find a verdict for the plaintiff the jury must be satisfied that the misfortune happened without the fault or negligence of the plaintiff, *but from the want of proper care on the part of the defendants."*

The Circuit judge also charged the jury that in order to find a verdict for the plaintiff, they must find that the loom which inflicted the injury was, as is alleged in the complaint, that is, " unsafe, defective, and insecure."

The judge also instructed the jury, " That the acts of the employees were governed by the rules of the company. Harling

had his duties to perform, Collville, boss of the section, his, the weavers theirs, and the spinners theirs. That these duties were performed by the several employees under rules made by the corporation. That the company thus became responsible for Harling's performance of his duties, and for his negligence in their performance. That if plaintiff were injured by his neglect to repair the defects of the loom, and such duty were imposed upon him, and that these defects were the immediate cause of the injury to the plaintiff, then the defendant was responsible."

The presiding judge refused to charge according to the 8th request of the defendant, as it was expressed. The 8th request was subjected to or modified by the instruction given under the 4th request to charge.

The jury rendered a verdict for the plaintiff for $2000.

Defendants appealed, upon the following grounds:

1. In that his Honor erred in permitting the plaintiff to challenge George Cook and F. P. Woodward, jurymen who were drawn from the supernumeraries after a full jury had been presented to the plaintiff for selection, and she had failed to challenge any member thereof.

2. In that his Honor erred in not charging the jury as requested by the defendants, in their requests to charge numbered 2, 3, 4, 5, 6, 8 and 13.

3. That his Honor erred in charging the jury that the company were responsible for Harling's negligence, and if the jury found that the plaintiff was injured by his negligence, then the defendants were liable.

4. That his Honor erred in not submitting to the jury the question whether Harling was a fellow-servant or not.

5. That his Honor erred in charging as requested by the plaintiffs, in their requests to charge, numbered 3, 5, 7 and 8.

*Mr. D. S. Henderson,* for appellants.

*Mr. G. W. Croft,* contra.

July 20th, 1881. The opinion of the court was delivered by

SIMPSON, C. J.   The plaintiff, while in the employment of the defendant as an operative in the weaving department of a cotton mill of defendant, was injured by a shuttle being thrown with great force from one of the looms at or near which her duties required her to be stationed.   The shuttle struck in the right eye of the plaintiff with such force as to cause its total blindness.

This action was brought to recover damages for this injury. The complaint alleged negligence on the part of the defendant, in that the loom was unsafe, defective and insecure; and, further, that at the time of the injury the said loom was being repaired during work hours of the mill, and while the plaintiff was compelled, in performance of her duty, to be so near the same as to greatly endanger her person.

The defendant denied the right of the plaintiff to recover, and relied upon three defences:

1. " Because the injury was an accident incident to the employment of the plaintiff, the risk of which she took upon herself.

2. " Because, if it was more than an accident, it was caused by the negligence of a co-laborer and not by the defendant.

3. " Because the accident and consequent injury were due and caused by the gross negligence and carelessness of the plaintiff."

Upon the issues thus made up the jury rendered a verdict for the plaintiff for $2000.   The defendant has appealed upon grounds which will now be considered:

*First.*   In the organization of the jury, after a full jury had been presented to the parties litigant and the plaintiff had announced " no objection to the jury as it then stood," the defendant exercised his right of peremptory challenge as to two.   Two others from the talesmen were then called.   To these the plaintiff objected; and although she had declined to exercise her right of challenge in the first instance she was permitted to do so as to these two persons called to supply the places of the two challenged by the defendant.   To this ruling the defendant excepted, and this forms the first ground of defendant's appeal.

In a recent case, *Huff* v. *Watkins, ante* 82, the exact point raised here was decided, and we need not now go beyond that decision.   It sustains fully the exception of the defendant here, and must govern in the construction to be placed upon Section 26,

Chapter CXI. of General Statutes in reference to challenges to jurors in civil cases. It is unfortunate that that decision was not announced before the trial of this case below, as much trouble, time and expense would thereby, no doubt, have been prevented. The court, even now, would be gratified if this difficulty, which lies at the very threshold of this case, could be removed, but this cannot be done except by overruling the case of Huff v. Watkins, which the court, notwithstanding the earnest argument of the able counsel of plaintiff, does not feel authorized to do. Upon this ground, then, if upon no other, the case must be remanded to the Circuit Court for a new trial.

This opinion might close at this point, but several other important questions are raised in the other grounds of appeal, which, if decided now, might relieve the case from some embarrassment and contribute, on the second trial, to a more speedy and effectual administration of the law as applicable to cases of this kind. With that view the other grounds involved will be now considered.

There are three classes of cases in which a party may receive injury while in the employment of another, and for which he may become entitled to an action for damages, dependent upon the facts in each case. *First,* where the injury is the result of a direct act of the employer—either negligent or otherwise—or of a representative of his. *Second,* where the injury is the result of an act of a co-laborer with the employee. And, *Thirdly,* where it results from defective instruments or machinery with which the employee is furnished to do his work. In these several classes there are always both questions of fact and of law. For instance, in the first a question of fact may arise whether the party defendant is the employer or a subordinate principal. In the second, whether the party causing the injury is a co-laborer ; and, in the third, whether the machinery is unsafe and defective, and, if so, whether known or unknown to the employer. These questions of fact, with such others as may be involved, when they arise in the case, must of course be tried by the jury. The questions of law must be decided by the court. And in a case like this— sounding in damages—which is a case at law, the only questions which can be brought to this court, by way of appeal, are the

2 F

questions of law passed upon or omitted by the Circuit judge to which exception has been made. With this statement, let us examine the questions presented here.

It is not contended that the injury in this case resulted directly from any positive act of the defendant as employer. The allegation is that it resulted from unsafe and defective machinery, which was improperly undergoing repairs during work hours by the direction of the defendant.

The defendant served numerous exceptions to the charge of the judge, assigning errors both of omission and commission, refusals to charge and incorrect charges. It will not be necessary to take up these exceptions *seriatim*. Taken as a whole, they raise four questions of law, as presented in appellant's points and authorities.

The first involves the law as to contributory negligence. The second as to the degree of proof of defects in the machinery, which must be brought home to the master or employer. The third as to the liability of the master for the negligence of a fellow servant with the party injured. And the fourth as to the degree of negligence required to make the master liable to his servant. These are the points which have been mainly discussed before this court, and to these we will confine our opinion.

Inasmuch as negligence is a thread which runs through and is common to all these questions, it will not be amiss to understand clearly at the beginning what is the meaning of this. Mr. Wharton, Section 1, page 1, defines negligence as correctly as it can well be done. He says " that negligence is the failure to do what a reasonable and prudent person would *ordinarily have* done under the circumstances of the situation, or doing what such a person under existing circumstances would not have done, the essence of the fault being either in omission or commission."

Now, as to contributory negligence. This involves an inquiry into the question how far negligence, as above defined on the part of the injured party, will relieve the party whose act is complained of as the cause of the injury.

This is a very important question to the business interests of the country. There are indeed but few industries which can be carried on by a single individual, and consequently but few in-

·dustries that this question does not touch.    Capital and labor, ·employers and employees, masters and servants, are all absolutely necessary to progress, and the combination of these relations reach ·out and affect every interest of society.    It is no wonder, then, we find that this question has been often and thoroughly discussed—discussed by some of the ablest judges, most distinguished lawyers and elementary writers of the country.    It will not be ·our purpose to follow this discussion into the numerous cases where the different phases have been considered.    What is important here is to reach the result ; to ascertain what has been :settled.

We have found some confusion and seeming conflict in some ·of the cases, but we think that the following proposition may be ·regarded as well established.

The question in all the cases seems to be : Has the damage or injury complained of been occasioned entirely by the negligence or improper conduct of the defendant, or notwithstanding such improper act of defendant, would the injury have been avoided but for the negligence or want of ordinary care of the plaintiff ? In the former case the plaintiff is entitled to recover.    In the latter the defendant is entitled to the verdict.    And this principle applies whether the injury complained of is alleged to be caused by the negligent act of the employer or a co-laborer, or resulting from defective machinery.    In other words, the courts cannot ·undertake in these cases to solve the problem how far such party ·may have contributed to the unfortunate result, and by this means assess the damages on each *pro rata*.    The only question that can be considered is : Has the defendant entirely caused the injury ?    If so, he is responsible.    If, however, the injury could have been avoided by reasonable or proper care on the part of the plaintiff, then the defendant is held harmless.    *R. R. Co.* v. *Jones*, 5 *Otto* 442 ; *Wilds* v. *Hudson River R. R. Co.*, 24 *N. Y.* 430 ; *Philadelphia and Reading R. R. Co.*, v. *Hummell*, 8 *Wright (Penna.)* 375.

In this state, in the case of *Conlin* v. *Charleston*, 15 *Rich.* 201, this doctrine was recognized.    The court said : " That where one has himself contributed to the cause of the damage of which he ·complains he cannot recover against another who also contributed

to the same cause." This additional remark, however, was made,. " but this may be understood of the proximate and not any remote or collateral cause." That is, the contributory act of the plaintiff must not be simply a remote or collateral cause, but it must be proximate.

This remark would seem at first to have been intended as a modification of the general principle announced above as extracted from the cases decided elsewhere. But upon an examination of the cases referred to by the court, this will be found to be a mistake. Judge Moses, in making this remark, referred to the cases of *Witherly, Adm'x,* v. *Regent's Canal Co.,* 104 *Eng. C. L.* 2 ; *Tuff* v. *Warman,* 2 *C. B. (N. S.)* 740. In these cases it was held that where the negligence or default of plaintiff was in any degree the direct or proximate cause of the damage he was not entitled to recover, however great might have been the negligence of the defendant. But if the negligence of the plaintiff was only remotely connected with the accident, then the question was whether the defendant might, by the exercise of ordinary care, have avoided it. It must be . understood, in this connection, that the term "proximate" does not mean the sole and direct cause, but it includes all such acts or omissions as may have contributed to the injury complained of, and there may be more than one proximate cause. *Sherman on Neg.,* 10, 33, 34.

Now, apply the test of these principles to the charge of the judge. He seems to have charged in general terms, " that if the plaintiff contributed to the accident from want of ordinary care or by the exercise of ordinary care could have prevented it, then the verdict must be for the defendant." This, though not in the precise language of the request, was in substance in accordance with the principles announced above, and standing alone, would not be objectionable. But he charged further, " that if the defendant was found to be negligent, grossly or otherwise, because of any defect in the looms, or want of repairs thereof, and the defects thereof are *not the proximate* cause of the injury, if the plaintiff, by the exercise of ordinary care, could have avoided the accident, she cannot recover." This charge, when analyzed, conveyed the idea that there could be but one proximate cause,

and if that was the negligence of the defendant, whether gross or otherwise, then, although the injury might have been avoided by ordinary care on the part of the plaintiff, still she would be entitled to recover. This, we think, was narrowing the principle extracted from the cases already cited too much, and was stating it too much against the defendant.

We do not think the cases of *Conlin* v. *Charleston, Witherly, Adm'x,* v. *Regent's Canal Co.,* and the case of *Tuff* v. *Warman, supra,* will bear this construction. In these cases, as was held in the often-quoted Donkey case of *Davis* v. *Mann,* 10 *M. & W.,* 46, the principle applied was that where it appeared from the evidence that the proximate cause of the injury—in the sense that the plaintiff *in no way contributed* thereto—was not the negligence of the plaintiff, and the injury could have been avoided or prevented by ordinary care on the part of the defendant, then the injury is to be ascribed to his gross negligence— for which he may be held responsible—notwithstanding there may have been remote and collateral negligence by the plaintiff. In a case of that kind it devolves upon the defendant to show that he could not have prevented the injury by the exercise of ordinary care.

The judge failed to state the principle in this limited form. He held the defendant responsible if the jury found the defects in the loom the proximate cause of the injury, without regard to the fact whether the negligence of the plaintiff contributed directly as an additional proximate cause or not.

Now, as to the second point: What is the extent of the employer's responsibility for injuries growing out of defective machinery? The plaintiff requested the judge to charge: That if the accident was caused by defects in the loom—not patent, but latent—not known to the president or other controlling officers of the company, then the verdict must be for the defendant, and even if this defect was known to Harling, Harling being a mere fellow-servant, that plaintiff could not recover. The judge refused. We think he was right in refusing to charge thus broadly. The liability of an employer for defective machinery does not depend on the fact that the defects are latent and unknown, but it depends on the question of proper care in select-

ing this machinery and keeping it in repair. If the employer has been careless and reckless in the purchase and fitting up the machinery, or if its defects could have been discovered by the exercise of reasonable care, either in the purchase or afterwards, the fact that they were not discovered and were unknown, will not, and ought not of itself, to shield the employer. *Wood on Master and Servant*, §§ 416–418; *Sherman on Neg.*, § 87. Whether Harling was a fellow-servant was a question of fact and not a question of law. What constitutes a fellow-servant, and what an officer representing the company, would be a question of law, but whether a particular individual is the one or the other would be a question of fact. The judge, therefore, could not properly have charged as defendant requested, as the request assumed that Harling was a fellow-servant.

Next, as to the liability of the master for the negligence of a co-servant with the party injured. The respondent requested the judge to charge " that whether a middleman represents the company, and whether the injuring party and employee were of a common employment, were questions of fact for the jury." And the appellant requested him to charge " that when the plaintiff entered the service of the company as a laborer in the factory she assumed all the risks incident to said employment, and that the negligence of co-servants is one of said risks. Hence, if the jury find that she was injured by the negligence of Harling, a co-laborer, she cannot recover." The judge declined to charge as thus requested.

A part of both of these requests he might have charged. He could have charged the latter portion of respondent's request, and he could have charged that an employee assumes the risks incident to his employment—one of which is the negligence of a co-servant. *Sherman*, § 88; *Wood*, § 422. But, as a whole, he could not have properly charged either request. Whether a middleman represents the company, is a question of law. Whether such an one is a middleman is a question of fact. And whether Harling was a fellow-servant was a question of fact.

Where requests are made for the charge of the judge upon propositions submitted as a whole, unless they are correct as a whole, it is not his duty to disconnect them, sustaining such as

are sound and rejecting such as are unsound. He is to consider them as presented, and sustain or reject accordingly.

The judge, in overruling these requests, did charge that Harling was performing his duties under rules and regulations of the company; that the company thus became responsible for Harling's performance of his duties and for his negligent performance; that if plaintiff was injured by his neglect to repair the defects of the loom, and such duty was imposed upon him, and that these defects were the immediate cause of the injury, the defendant was responsible. We think this, as a whole, was error, because questions of fact are intermingled and decided with questions of law, and because the principles of law laid down are stated stronger against the appellant than the decided cases warranted.

It does not follow that because different employees act in different departments of the same general business that they are not fellow-servants. And the fact that one acts in one department and one in another, does not impose any greater responsibility on the employer in case of injury by one to the other than when they are both in the same department. The question is: Were they co-servants in the general business? And the test is: Were they acting under a common employer, and in the same general business? *Wood*, § 425. This being established, then they assume the risk of each other's proper performance of duty, the employer being responsible for failure to exercise proper care in the original employment of his servants and in ascertaining their qualifications after they are in his service, *Wood*, § 416.

As to the degree of negligence of which the master must be guilty in order to be held responsible for an injury to his servant, the judge was requested by the appellant to charge that the measure was gross negligence. The judge laid down the rule to be the want of proper care. We see no error in this. A master is liable to his servants for his own negligence, and the measure of his negligence, when applied to him, must be the same as when applied to others. The case of *Brickman* v. *South Carolina R. R. Co.,* 8 *S. C.* 198, does not fully sustain the position of appellant. In that case the Circuit judge had prescribed gross negligence as the true measure of defendants'

responsibility.   From this there was no appeal, and the Supreme Court said : " It would be difficult to state the law more favorably for the defendants."   The court also said, " as neither party alleges error in the limitation of the liability of the defendants to a case of gross negligence, it is unnecessary for the court to look into the state of the law on that subject."   We think that the same rule should apply to both master and servant.

In conclusion, it may not be improper to recapitulate the legal propositions herein adjudged as applicable to this and similar cases.   Where an injury has happened to a servant or employee the master's liability is fixed as follows : If the injury results from the master's own negligent act, or from that of one of his representatives, he is *prima facie* liable.   If it results from defective machinery or the negligent act of a co-servant with the injured party, he is not responsible unless the proof shall go further and show that the master's negligence or want of reasonable care in purchasing and overlooking his machinery, or in employing and supervising his servants, was the cause of his having defective machinery in use, and negligent servants engaged.   And in all these cases, if it should appear in the defence that the negligence of the injured party, in the sense in which that term has been defined above, contributed to the injury in such degree as to become one of the proximate causes thereof so as to relieve the other causes mentioned from being the entire cause, then this will be a good defence.

The limitations above as to the master's responsibility for the acts of a co-servant with the party injured is a departure from the general common law rule imposing liability upon the master for injuries by servants to third parties.   This departure was announced first (says Mr. Wood) in the year 1841, in this state, in the case of *Murray* v. *Railroad Co.*, 1 *McM.* 385.   Previous to this in England, in the case of *Priestly* v. *Fowler*, 3 *Mees. & W.* 1, a similar principle had been adopted in reference to appliances and machinery, but as to co-servants, as Mr. Wood says, our state seems to have been the pioneer in this new departure, and in the case of *Murray* v. *Railroad Co., supra*, essentially laid the foundation for the doctrine which has since been adopted both in England and in all the American states, as the true rule upon this subject.

The next year after the decision in Murray *v.* Railroad, the case of *Farwell* v. *Boston, &c., R. R. Co.,* (in Massachusetts,) 4 *Metc.* 49, came before that eminent judge, Judge Shaw, who not only endorsed this doctrine, but sustained it in as able an opinion as perhaps ever came from the pen of that distinguished jurist. The principles herein announced will be found sustained in *Sherman on Neg., ch. II.,* 24, *et seq. ; ch. X.,* 65 ; *Wood on Mast. & Serv., ch. XVI.,* 795, and in many cases referred to in the notes. They are not only sustained by abundant authorities, but they are founded upon principle, justice and public policy.   An employee enters the service of another upon contract ; it is a voluntary service ; he knows when he engages that he is to be surrounded by fellow-servants ; he knows, too, that this will expose him to risks other than such as his own conduct may create ; he is aware that the machinery is complex, and, to some extent, dangerous, and he is presumed to contract with full knowledge of all the risks incident to these things, and, therefore, to assume them.

To hold the employer as an insurer against the negligence of fellow-servants, or against all defects of appliances, would be a death-blow to some of the most important enterprises upon which the material progress of the country depends.   Under such a principle no one would be safe in engaging in any industry beyond the reach of his own eyes, and the management of his own hands. It would hamper and cripple labor, and destroy capital.   In justice, however, to the employee, the employer should not be entirely exempt.   The rule is the one adopted—a medium line—which holds the employer responsible for that part of the work which falls to him, either personally or through his agents, *i. e.,* the proper selection and superintendence of both his operatives and his machinery.   He is a guarantor that all reasonable and proper care shall be exercised in the performance of these duties, and his liability should be limited to a failure to meet his obligations in this respect.

The judgment of this court is that the judgment of the Circuit Court be reversed, and that the case be remanded for a new trial.

McIVER and McGOWAN, A. J.'s, concurred.