The opinion of the Court was delivered by
Bermudez, C. J.
This is an action by a mother, to recover from the defendants ten thousand dollars damages, alleged to have been sustained by her son, in consequence of Iris suffering inexpressible agony and terror at the prospect ofhis impending death, which occurred in September, 1881, by the gross negligence and wanton misconduct of the • defendants.
The defense is, that the defendants are not common carriers, and that even were they such, they are not liable, because the plaintiff’s son is chargeable with contributory negligence.
The case was tried by a jury, who returned a verdict for the defendants. From the judgment thereon, the plaintiff has appealed.
Our attention is called to a hill of exception, taken to the charge of the District Judge to the jury, which is attacked as illegal. *1087 We will ignore the bill, as, even if tbe charge had been illegally given, we would not remand tbe case, all tbe evidence of which it is susceptible being in the record.
. We will also pretermit deciding whether the defendants were common or private carriers, as that issue is not necessary to arrive at á conclusion in this litigation.
. The evidence shows, that the victim of the unfortunate accident had considerable experience in railroad construction, and was aware that the road in charge of the defendants for construction, and on which he proposed to travel, was rough and unballasted, and that trains were apt to run off the track. The evidence shows they often did so.
On the day that Woods, the victim, took passage on the train, the same -was composed Of the engine, an empty coal car and a caboose, ip which seats had been placed for train men, and for the convenience of persons willing and allowed to travel on the unfinished and dangerous road. It appears that Woods; instead of seating himself in the caboose, as be securely could have done, took a seat on tbe coal car.
It is not material whether or not he did so on the side hoard, or indulged too freely in copious draughts of a good or had intoxicating beverage. The fact is, that at a given point, the train ran off the track, Woods was dashed from the car on which he stood, and was-run over; that his head was crushed, instant death probably following. Persons who had taken seats in the caboose, escaped uninjured.
As soon as the car had jumped the track, the engineer reversed and plugged his engine, sanded the track, whistled for the brakes, the brakesmen responding. But, however promptly and efficiently this was done, the accident had happened, and no human aid could then have repaired the injury inflicted on the reckless and adventurous traveller.
It is clear, that had Woods taken a seat in the caboose, a< ordinary foresight prescribed, and the example of all others dictated, the deplorable occurrence would not have made him the victim of his audacity. - .
As he could not have ridden safely on the coal car, he was hound to have taken a seat in the caboose.
Even if some negligence could be imputed to the defendants, it is difficult to perceive how recovery against them, could he had in this case.
The equitable rule by which liability in such cases is to ho tested, is so universally recognized and applied, that there can be no escape from its operation.
That rule is, that: where one of two persons, either innocent or mutually negligent, must suffer, the one who knew of the cause which- *1088 could have occasioned and did occasion the injury, and who could have avoided it, and did not do so, must hear the loss. 34 An. 180; 33 An. 155; 5 Otto, 441; 6 McLean, 242, and authorities in the cases.
In R. R. Co. vs. Aspell, 23 Pa., the Court distinctly held: that where it can be shown that an injury would not have happened, except for the culpable negligence of the party injured concurring with that of the other party, no action can be maintained. A railroad company is not liable to a passenger for an accident which the passenger might have prevented by ordinary attention to his safety, even though the agents in charge of the train are also remiss in their duty.
In such ruling we formally concur.
The jury did not err in finding for the defendants, and the Judge was right in giving judgment accordingly.
Judgment affirmed, with costs.
Fenner, J., takes no part in this decision.