RENNEKER v. SOUTH CAROLINA RAILWAY COMPANY.

1. If plaintiff was injured through the negligence of defendant, yet plaintiff could not recover damages for such injury unless he himself observed proper care and caution under the circumstances.
2. In order to fix liability for negligence upon the person at whose hands an injury has been received, the party injured must have exercised the care and caution of a prudent, reasonable man in possession of the ordinary senses and capacities of mankind. Proper care does not vary with the varying capacities or infirmities of men.
3. Railway companies, though held to a high degree of care, do not insure, under all circumstances, the safety of passengers or those seeking to become passengers; their liability is conditioned on the exercise by them of reasonable and proper care and caution.

Before PRESSLEY, J., Orangeburg, October, 1882.

Action by John H. Renneker against the South Carolina Railway Company. The opinion states the case.

*Messrs. J. F. Izlar* and *Mitchell & Smith,* for appellant.

No argument *contra.*

November 22d, 1883. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This was an action against the defendant corporation for damages on account of personal injuries to the plaintiff from falling off the railroad platform at Orangeburg on the night of February 8th, 1882, when he was seeking to enter the cars for Charleston; which injuries he alleged were caused "by the negligence of the company in and about the arranging, making, procuring and keeping suitable platforms and conveniences for the ingress and egress of passengers on said road, and in and about the lighting up the said road and platform, and the said conveniences for the ingress and egress of passengers for transportation on said road," &c. The defendant answered, denying all allegations of negligence; and affirming that the fall of the plaintiff, and "any injury he may

have received, was not in any way caused by or due to the negligence of the defendant or any of its servants, agents or employes; but, on the contrary, that such fall, and any injury received therefrom, was wholly due to and arose entirely from the carelessness, negligence and fault of the plaintiff himself, and from no other cause whatever."

The case came on for trial before Judge Pressley and a jury. Much testimony was offered on both sides; but it is not necessary for our present purpose to do more than state the leading facts in a general way. The down train passed Orangeburg after dark; and the night was dark and drizzly. The plaintiff went to the station before the time for the arrival of the train, and waited in the telegraph office and the ladies' waiting-room. Having a thousand-mile ticket, and hearing the signal for the approach of the train, he left the waiting-room and started to walk—with the other persons about to board the train—up the outside platform, passed the express freight, in the direction of the approaching train; and, while walking with Mr. Wannamaker, fell off the platform and was injured. He was taken up and cared for before the train actually arrived. The case turned upon the questions of fact: 1. Whether the platform was properly lighted. 2. Whether the express freight was improperly allowed to incumber it, &c. 3. Whether there was contributory negligence on the part of the plaintiff in leaving the waiting-room before the proper time, or in not exercising the care required of a reasonable man in possession of all his senses.

The defendant tendered twenty different requests to charge, some of which were refused by the judge, and others charged in the whole, or with modifications; but we need only refer to such rulings as were excepted to. The jury rendered a verdict in behalf of the plaintiff for $1,500, and the company appeals to this court upon eight exceptions, of which the last is as follows: " 8. Because his Honor charged: 'If plaintiff was walking along beside Mr. Wannamaker, using his senses—that is, his eyesight—and was going along with the ordinary care that a person would naturally use, and fell off by a stumble, or by the passage-way being too narrow, or from want of light, or anything of that sort, then that is not lack of ordinary care,

because different persons have different temperaments, and one person may do a thing safely which another man cannot. One man may walk a narrow plank with perfect safety, while many others could not. The company has no right to require extraordinary care from any one;' whereas, he should have charged that the company is not bound to allow for individual temperament, but that the plaintiff was bound to exercise all the care and precaution that would be required by any ordinary, average reasonable man."

We have not found it necessary to consider any of the grounds of appeal except the last one. In the view which the court takes, that will dispose of the case. It is undoubtedly true that the action of the plaintiff rests entirely upon the alleged negligence of the company; but it is, nevertheless, incumbent on him to show that he has not been guilty of contributory negligence; that is to say, that he observed proper care under the circumstances. Even upon the assumption that the defendant was negligent, the plaintiff could not recover if he contributed to the misfortune by his own negligence or want of ordinary care and caution. "Two things must concur to support the action; an obstruction in the road on the part of the defendant, and no want of ordinary care to avoid it on the part of the plaintiff." See *Butterfield* v. *Forrester*, 11 *East* 62; *Baltimore & P. R. R. Co.* v. *Jones*, 95 *U. S.* 439, and authorities therein collected; *Richardson* v. *W. & M. R. R. Co.*, 8 *Rich.* 126; 2 *Red. Rail.* 194 and notes.

The judge charged this principle correctly, but he added: "If the plaintiff was going along using his senses—that is, his eyesight—with the ordinary care that a person would naturally use, and fell off by a stumble, then that is not lack of ordinary care, because different persons have different temperaments, and one person may do a thing safely, which another man cannot. One man may walk a narrow plank with perfect safety, which many others could not do. The company has no right to require extraordinary care from any one." Was this error? While the statement of fact made may be perfectly true in the abstract, we think in the connection in which it was made, it might have been misunderstood by the jury, as authorizing them to charge to the

negligence of the company the result of any casualty on their platform, only provided the party suffering it was at the time using his senses, good or bad.

Is there not such a thing as a pure casualty, accidental, fortuitous, and without fault on the part of any one, so far as imperfect human knowledge can discover. And besides, what is proper caution, and by what rule is it to be determined? The rule is plain and unmistakable, but its application is often exceedingly difficult and unsatisfactory. As Mr. Pierce in his book on Railroads, at page 312, states it, "The standard of negligence is so variable and even intangible, and sentiment and caprice are so apt to disturb the verdict of juries in charges of personal injury, that the corrective function of the court in supervising verdicts in such cases is essential to the administration of justice." Does the term "ordinary caution" mean no more than the use of the senses, without any regard to the infirmities of temperament, which is defined to be mental or bodily constitution? It is certainly very vague and uncertain to make proper care vary with the varying capacities or infirmities of men. When the rights and obligation of one party are made to turn upon the proper caution of another, it would seem that there should be some common standard by which to test the fact, and we know of none, practicable, other than that of a prudent, reasonable man in possession of the ordinary senses and capacities. When arrangements are made suitable and proper for such persons, nothing more should be required, and one falling below this standard, either physically or mentally, should be cautious and prudent in proportion to such defects.

Railway companies, though held to a high degree of care, do not insure the safety of passengers or those seeking to become passengers under all circumstances; their liability is conditioned on the exercise of reasonable and proper care and caution. "Negligence is the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such a person under the existing circumstances would not have done. The essence of the fault may lie in omission or commission. The duty is dic-

tated and measured by the exigencies of the occasion." *Baltimore & P. R. R. Co.* v. *Jones*, 95 *U. S.* 439; *Lake Shore & M. S. R. R. Co.* v. *Miller*, 25 *Mich.* 274; *Baltimore & P. R. R. Co.* v. *Whitacre*, 35 *Ohio St.* 627; *Pierce Rail.* 345 and authorities. In the case from Michigan it was held that "absentmindedness" was not a legal excuse for failing to observe the precaution of looking and listening before crossing a railroad track.

Mr. Redfield says: "In a recent English case (*Crafter* v. *The Met. Railway Co.*, 12 *Jur.* (*N. S.*) 272,) the question of the degree of caution required of passenger carriers, is carefully considered. It is here said that in determining whether evidence of negligence has been given before the jury, the court must use the ordinary experience of life and consider whether the evidence of negligence be reasonable. And in commenting on the case (which was where the plaintiff fell upon a staircase in going from the platform into the street, in consequence, as he alleged, of the stairs being rendered slippery by reason of brass upon the edge of the steps and having no hand-rail upon the top of the banisters) learned judges declare that passengers are not entitled to have every precaution to insure safety which is possible to suggest after an accident has occurred." 2 *Redf. Rail.* 201.

It is the judgment of this court that the judgment of the Circuit Court be set aside, and the cause remanded for a new trial.