## WHITLOCK v. COMER.

### (Circuit Court, D. South Carolina. August 17, 1893.)

CARRIERS—INJURIES TO PASSENGER—CONTRIBUTORY NEGLIGENCE.

An adult male passenger, waiting for a railroad train to come to a full stop before attempting to alight, who, when directed and required by the conductor, jumps from the moving train, when it is obvious that he cannot do so with safety, and thereby sustains injuries, cannot recover damages for such injuries.

At Law. Action by W. J. Whitlock against H. M. Comer, receiver of the Port Royal & Western Carolina Railway Company, for personal injuries. Defendant demurs to the complaint. Sustained.

Haynsworth & Parker, for plaintiff.
Joseph Ganahl and M. F. Ansel, for defendant.

SIMONTON, District Judge. This case is by a passenger on a train of the defendant, injured by jumping off the train while in motion. He had purchased a ticket to High Point, a station on the railway. The question comes up on oral demurrer to the complaint. The plaintiff is an adult, and a male.

The action is for negligence. The gist of it appears in the third paragraph of the complaint:

"That on arriving at High Point the said receiver, through gross negligence, failed to stop his train of cars sufficiently to allow the plaintiff to alight with safety and convenience, but, on the contrary, when the plaintiff was waiting for the train to come to a full stop before attempting to alight, the said receiver, through his servant, the conductor of said train, without bringing said train to a stop, in reckless disregard of what was due the plaintiff, directed and required him to alight by jumping, and that in attempting so to do the plaintiff was thrown violently upon the ground, head foremost, and seriously injured about head, shoulders, and chest."

The defendant, when the complaint was read, interposed an oral demurrer that the complaint does not state facts sufficient to constitute a cause of action.

When a passenger, upon a train which is approaching the place at which he expects to get out, jumps from the train while it is in motion, and suffers injury, his right to recover depends upon circumstances. If the danger attending his mode of leaving the train is so obvious that a prudent man would not encounter it, then the accident is the immediate result of his own action, and he cannot

recover. The fact that he acted upon the advice or urgency or instruction of the conductor of the train will not change the character of the act. 2 Beach, Ry. Law, p. 987; Patt. Ry. Acc. Law, p. 21, § 23, and cases quoted; Railway Co. v. Schaufler, 21 Amer. & Eng. Ry. Cas. 405. The plaintiff, in stating the facts on which he relies, says that at the time of the happening of the accident the train had not stopped sufficiently for him to alight with safety and convenience, so it was obvious to him that the attempt to get off would be accompanied with danger. He further states that he was waiting until the train could come to a full stop before attempting to alight, so he knew when he could alight without danger; that the conductor nevertheless directed and required him to alight, in reckless disregard of what was due to him. This emphasizes the fact that the danger was obvious, so obvious that the instruction of the conductor was in reckless disregard of what was due to the passenger,—so much so that no man of ordinary prudence would encounter it; yet he jumped from the train. Nothing that the conductor said by way of advice or direction can relieve him of the consequence of his own act. Jones v. Railroad Co., 95 U. S. 439.

The demurrer is sustained.