## NEGLIGENCE IN THE OPERATION OF AN AUTOMOBILE.

Common Pleas Court of Franklin County.

### Francisco Di Fernando v. C. D. Bowers.

Decided, April Term, 1918.

*Pedestrian Struck at Crossing by Automobile—Non-Suit Asked on Ground of Contributory Negligence—Requirement of the Statute with Reference to Degree of Care to be Exercised by a Chauffeur—Charge of Court.*

1. In order to warrant a non-suit in an action for injuries, the court must be satisfied that plaintiff was negligent, and if plaintiff's evidence has tended to show that the defendant was also negligent, a finding becomes necessary that the plaintiff's negligence contributed as a proximate cause of his own injury.

2. In the enactment of Section 12603, providing that "whoever operates a motor vehicle on the public roads or highways at a speed greater than is reasonable or proper, having regard for width, traffic, use and the general and usual rules of such road or highway, or so as to endanger the property, life or limb of any person," the Legislature did not intend to eliminate therefrom the common law rule of ordinary care, or to incorporate therein a standard of care and duty which might be adopted by a jury under the influence of caprice or a temporary whim, but merely embodied in statutory form the common law rule of reasonable and ordinary care in view of all the circumstances of the time and place.

*Hays & Hays,* for plaintiff.
*C. O. Beals* and *D. B. Sharp,* contra.

Kinkead, J.

Plaintiff charged defendant with negligence in operating an automobile on the streets of Columbus. As he was attempting to cross in front of the approaching machine he was struck and injured. It is charged that when plaintiff was ten feet from the curb he was struck and knocked down. Before attempting

to cross plaintiff avers, and the evidence disclosed, he stopped and looked along the street and saw the motor vehicle 100 feet away.   The claim is that relying upon the ability of defendant to operate the car in a reasonable and proper manner, plaintiff attempted to cross the street.

The allegation is that the motor vehicle was operated in a grossly negligent and careless manner, being driven at the rate of 25 miles per hour; that defendant gave no warning, or sounded no horn or whistle.

A verdict was rendered in favor of plaintiff.

On motion for new trial defendant contends that non-suit should have been entered in accordance with the doctrine of *Schmidt* v. *Schalm*, 20 C.C.(N.S.), 99 (2 Oh. App., 268).   It is insisted as stated in the opinion that—

"it is immaterial that the automobile which struck the plaintiff was being driven at a negligent rate of speed at the time of the accident.   The plaintiff having contributed to her own injuries can not recover against the defendant, no matter that he was negligent."

To have been warranted in entering non-suit it was essential for the court to have been satisfied that plaintiff was negligent, and if the plaintiff's evidence tended to prove the defendant also to be negligent, it then would have been essential to find that plaintiff's negligence contributed as a proximate cause of his own injury.

At the close of plaintiff's evidence the facts and circumstances were not in dispute.   But the court was not satisfied that—

"the inferences to be drawn therefrom (were) reasonably clear and natural, or fairly inferable and not equivocal and (could) lead to but one conclusion."   (Ohio Civil Trials, Section 632; 69 O. S., 142; 64 O. S., 458; 69 O. S., 384),

and that plaintiff's negligence was the proximate contributing cause of his injury.

In the first place the court held the rule to be that the rights of plaintiff and defendant to cross and pass along the street were

correlative and equal. That being so it was unable to conclude that the act of plaintiff in assuming that he could pass safely across the street in front of the approaching machine was such an act of contributory negligence as proximately caused the injury in a natural and continuous sequence, unbroken by an efficient intervening cause. If plaintiff was out in the street some distance when he was struck; if defendant was a hundred feet away when plaintiff saw him and started across, the inquiry would naturally be whether the defendant could not have seen plaintiff; whether he could not have operated his car so as to have avoided the injury.

At the conclusion of all the evidence it appeared that the street was full of employees going to their work at the Panhandle shops. Defendant's evidence tended to show that the machine was being run at a low rate of speed, due to the fact that so many people were in the street. The conditions thus disclosed, presented sharply the question whether the motor vehicle was driven at a speed greater than was reasonable or proper, having regard for width, traffic, use and the general and usual rules of the highway, or so as to endanger the life or limb of any person.

The facts and circumstances brought the case peculiarly within the inhibitions of Section 12603. A definite rate of speed was alleged in the petition, viz., 25 miles per hour, and proof in support thereof was offered. But no proof having been offered to show whether the place where the injury occurred was either a business or closely built up portion of the city, residential or otherwise, the question of violation of the provisions of Section 12604 was withdrawn from the jury. There being no evidence showing the nature and character of the portion of the municipality involved, there were no facts upon which to predicate a rule of duty by an instruction to the jury.

A charge must be predicated upon facts and circumstances disclosed by evidence. Section 12604 prescribes a rule of speed applicable to two kinds of territory within municipalities. In the absence of evidence disclosing the character of the locality, there was no warrant for presuming that the fifteen mile rule

should apply.   There was simply a failure of proof on a material point.

The instruction given concerning the application of the rule of conduct prescribed by Section 12603 was not prejudicial to defendant.

In considering these matters frequently trial courts quite naturally give consideration to the scope and meaning of a statute like Section 12603.   On one occasion in charging a jury the thought was expressed that the provision that the inhibition that one shall not drive a motor vehicle at a greater speed than is reasonable and proper seemed to confide unlimited discretion upon a jury to determine what it considers reasonable and proper, unaided by any known rules of law.   But on further consideration the conclusion was that the statute merely embodied the common law rule of ordinary and reasonable care. Upon subsequently noticing the reasoning of Judge Wanamaker in *State* v. *Schaeffer*, 96 O. S., 215, the subject was given especial care.   Its importance is magnified by the rule of *per se* negligence based upon the violation of a statute.   The validity of Section 12603 was questioned because of alleged indefiniteness in its meaning.   It was claimed that the words ''reasonable'' and ''proper'' were of such uncertain meaning that it is impossible for a jury to fairly determine what constitutes a violation of the statute; that a jury in one case might hold speed reasonable, while another jury might hold the same speed unreasonable under the same circumstances.   Judge Wanamaker in his opinion states in respect to the meaning of Section 12603, the following:

''And when that meaning (of statutes) is thus clear and plain a court has no right to construe the language, because it needs no construction, and any attempt at definition, instead of clearing the statute, usually clouds it.   What word or words of this statute are not as familiar to the average juryman as to a trial judge?''

We plead guilty; we undertook to instruct the jury what this statute meant.

Once in a previous case, however, we stated to a jury the following in respect to Section 12603:

"This seems to confide large discretionary judgment and discretion to the jury. The court can give no interpretation to the statute beyond what its plain terms imply, when it is considered in connection with the one prescribing the rate of speed as it should be. It is for the jury to determine what in its judgment in a given case as disclosed by the evidence was reasonable and proper. But this statute should be considered in connection with the one prescribing the rate of speed, the statute prescribing a limitation as to the rate of speed being necessarily construed in connection with the one specifically limiting the rate of speed within a prescribed territory."

The fact is that what are now Sections 12603 and 12604 were the outgrowth of the act of April 2, 1906 (98 O. L., 320), Sections 11, 12 and 28 thereof. It read as follows:

"No person shall operate a motor vehicle on a public highway at a rate of speed greater than is reasonable and proper, *having regard to the traffic and use of the highway,* or so as to endanger the life or limb of any person, or the safety of any property; *or in any event on any public highway* where the territory contiguous thereto is closely built up, at a greater rate than one mile in six minutes, or elsewhere in a city or village at a greater rate than one mile in four minutes, or elsewhere outside of a city, etc.; subject, however, to the other provisions of this act."

Section 28 of the original act prescribed the penalty for violations.

Where there is evidence to which both sections apply, being kindred in nature and part of the original act, the two parts—or two sections—are to be considered together, and the meaning, purposes and intent thereof should be made clear by appropriate instruction.

The purpose of the injunction against running at a speed greater than is reasonable and proper, having regard to the traffic and use of the highway, seems clearly illustrated by the

evidence in this case. The street was crowded with men going to work, so that according to defendant's contentions, "No speed could be made." The traffic and use of the street imposed a special kind of care on the part of the driver so as not to endanger life or limb of any person.

But is it to be left to individual whim or caprice of jurors to assert a fleeting rule of care and duty?

It seems to have been the purpose to call for special consideration of the traffic and use of the highway at a special time. But is it clear that the statute designed to substitute the chance opinion of jurors as to what was reasonable and proper for the common law duty of ordinary and reasonable care, such care as ordinarily prudent persons are accustomed to exercise under like circumstances?

The answer is best expressed by Chancellor Kent:

"Statutes are construed in reference to the * * * common law; for it must not be presumed that the Legislature intended to make any innovation upon the common law, further than the case absolutely required. This has been the language of the courts of every age; and when we consider the constant, vehement and exalted eulogy which the ancient sages bestowed upon the common law as the perfection of reason, and the best birthright and noblest inheritance of the subject, we can not be surprised at the great sanction given to this rule of construction." 1 Kent Com., 14th Ed., p. 464; 36 Cyc., 1145.

"Statutes are read and construed in the light of the common law." *Johnson* v. *Fleutsch,* 176 Mo., 452.

"No statute enters a field * * * before entirely unoccupied. It either affirms, modifies or repeals some portion of previously existing law; * * * it is necessary to have an * * * understanding of laws, * * * common and statutory. * * * Whether a statute affirms a rule of common law * * * or supplements it, supersedes it, or displaces it, the legislative enactment must be construed with reference to the common law, and the latter must be allowed to stand unaltered as far as is consistent with a reasonable interpretation of the new law." *Black Intrp. Laws,* p. 233; *Perry* v. *Strawbridge,* 209 Mo., 621, 123 Am. St., 510.

Statutes in derogation of the common law are to be strictly construed, especially if the statute is in derogation of common. right. *Perry* v. *Strawbridge, supra.*

It follows as surely as night does the day, that it was not intended that the words "reasonable and proper" "so as to endanger life or limb" should abrogate the common law conception of negligence, ordinary care and prudence.

Negligence is the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such a person under such circumstances would not have done. The duty is dictated and measured by the exigencies of the occasion. *R. R. Co.* v. *Jones,* 95 U. S., 439; *Ohio Insts.,* Section 2091.

It seems clear, therefore, that the Legislature did not intend to read out of this statute the common law rule of ordinary care and negligence, or to read into it the standard of care and duty which might become fixed for the moment according to the temporary whim or caprice of the jury.

While it may be conceded for purposes of argument that Judge Wanamaker may be half right that an average juryman might be as entirely familiar with the words as a trial judge, still we must be jealous of the respective functions of court and jury, so that the jury shall not be substituted for the court in the matter of interpreting and stating the law. It may be that some attempts at defining an apparently simple provision as Section 12603 may appear to be, "instead of clearing the statute" may "usually cloud it." But it seems clear that a consideration of the original act of which it was part in the light of the rule of construction before stated has far greater relevancy than the "rule of reason" of the Standard Oil and Tobacco Trust Cases (221 U. S., 1, and 221 U. S., 107). Far more relevancy indeed than questions of "reasonable doubt," "reasonable grounds" in criminal procedure.

Having given the statute much consideration in trials of a number of cases involving the statute, it was concluded that the statute merely embodied the rule of reasonable and ordinary care.

The following conclusion and instruction to the jury was given in this case:

"Section 12603 of the Code provides that a person shall not operate a motor vehicle on the public road or highway at a speed greater than is reasonable and proper, having regard for the width, traffic, use and general rules of the road, or so as to endanger life or limb of any person. This statute contains no specific inhibition against any particular rate of speed. It merely, in the judgment of the court, embodies the common law rule of ordinary and reasonable care, such care as ordinarily prudent persons are accustomed to observe under similar conditions and circumstances.

"The rule of law has always been that an operator of an automobile shall so run and operate it in a reasonably prudent manner, at a reasonable and ordinary speed, at such rate of speed as prudent drivers of motor vehicles are accustomed to run them under conditions and circumstances like those disclosed by the evidence in this case. That is the rule required by this statute which the court has read to you.

"The rule of ordinary care and the rule of this statute imposes upon a driver the duty of operating his automobile with reasonable consideration of the width of the street, the use and traffic therein at the time of an alleged injury.

"The rule of ordinary care and the rule of the statute read to you contemplates that a driver of an automobile in passing along a street should take into consideration the probability that he may come in contact with pedestrians passing across or along the streets and at street crossings.

"It is a rule of law that an act violating a rule of conduct prescribed by a statute of a state in itself constitutes an act of negligence. As the legal rule is stated, the violation of a statutory rule of conduct constitutes *prima facie* an act of negligence. In other words, it is in itself regarded as an act of negligence. But this rule of *prima facie* negligence adopted by judicial decision is of somewhat difficult application to the particular statute involved and to be applied in this case, a statute having incorporated into its terms what this court considers to be the common law rule of ordinary and reasonable care.

"To state that one shall operate a motor vehicle at a reasonable and proper rate of speed having regard for the width of a street, is merely to state that the same shall be run at such rate of speed as an ordinarily prudent person would or should ordinarily run the same under similar circumstances. Violation of

this duty prescribed by common law and by the statute mentioned is to be regarded on its face as an act of negligence. That does not, of course, mean that it is the cause of an injury, but it merely demonstrates that it is to be regarded as an act of negligence. What the consequences of that act of negligence are then becomes a question of fact for the jury to determine. It has been stated by judicial opinion of our Supreme Court * * * that the meaning of the language of this statute with reference to operating a car at reasonable and proper rate of speed is so clear and so plain that a court has no right to construe it; that it needs no construction; that any attempt at definition would cloud its meaning; that the words of the statute are as familiar to the average juryman as to the trial judge.

''This court, however, instructs the jury that the purpose of the statute that a motor vehicle shall not be run at a greater rate of speed than is reasonable and proper, was not designed and did not repudiate the common law rule of ordinary care, and did not leave the rule of care in a particular case to the unlimited discretion of a jury and ungoverned by the common law rule of ordinary care, but it is for this court to explain its meaning and interpretation to the jury.

''It was not and is not the intent of the statute, in the judgment of this court, to allow the jury to apply the judicial rule of *per se* negligence for violation of such statute, and at the same time permit a jury to assert its unlimited discretion and view concerning what was a reasonable and proper rate of speed in the particular case, in disregard of common law rule of ordinary care, such care as reasonably prudent persons are accustomed to observe.

''The jury is, therefore, instructed that the rule of this statute is the rule of ordinary and reasonable care, such care as prudent persons are accustomed to observe under such circumstances, and that this is the rule to be applied to the conduct of the defendant as disclosed by the evidence.

''If the jury should be of the opinion or should find that the defendant was negligent in running his machine at the rate of speed at which it was run on this occasion, whatever that was, that he operated the same at an unreasonable and improper speed, not at such rate of speed as an ordinarily prudent person would or should have run the same, under like circumstances, then the jury should find the defendant guilty of negligence. On the other hand, if the jury should find that the defendant ran and operated his machine at a reasonable and proper rate of speed, at such rate of speed as an ordinarily prudent person

would or should ordinarily have run the same under similar circumstances, then you should find that defendant was not guilty of negligence in operating the same at an unlawful rate of speed.''

It is urged that it was error to charge the jury in respect to giving a signal or warning. It is not required by statute. An instruction was given that:

''If reasonable and ordinary care under the circumstances disclosed by the evidence required the driver of the automobile to give signal or warning, it was the duty of the defendant to have given that warning, but this is for the jury to decide as a question of ordinary care and prudence,'' etc.

The court is of the opinion that the case was submitted to the jury without substantial error; that the verdict is sustained by sufficient evidence.

The motion for new trial is overruled. Judgment may be entered upon the verdict.