Mr. Justice Morris
delivered the opinion of the Court:
Notwithstanding the able and ingenious argument of counsel for the appellant, we are unable to find that’ the court below committed any error in the trial of this case. The principles of law invoked by counsel and so well and ably stated by them are plain enough; but the difficulty of their case is that there are no facts which would sustain their application. In our opinion, there is no proof of the alleged negligence of the appellees; and, on the contrary, there is abundant evidence of negligent action on the part of the appellant, or rather of his exceedingly improvident exposure of himself to unnecessary danger.
The claim is that the appliances provided by the appellees for the hoisting of deer were insufficient and dangerous. There is no proof whatever that the appellees provided any appliance for such hoisting on the present occasion, or that they ordered the deer to be hoisted; and it is not at all certain from the evidence that it was their intention to hoist this deer. There is no proof as to the character of appliance used on any former occasion, if any was used; and no proof that the appliance employed at the time of this accident was of the same kind as had been previously used. The record is wholly silent on this point; and there is nothing in it upon which even a reasonable inference could be based.. If there was anything in the proof of custom which the appellants sought to introduce, and which they were finally permitted by the trial court to introduce, it is fair to infer, so far as this record discloses, that the appellees had used the same appliances and the same methods as the other dealers in the same class of business.
*225 The fair inference from the facts as shown in the testimony is that the employees of Moreland and Grünewald, possibly becoming impatient at Moreland’s delay in causing the deer to be removed from the aisle, took the matter into their own hands; that Lispcomb and the colored man, Carter, his assistant, having procured a rope from a warehouse, assumed without proof to have been the warehouse of the appellees, worked this rope into and through the interstices of the iron lattice work over one of the pillars and near the ceiling of the building; and thereby sought to hoist the deer. Whether the rope was old and frayed, and therefore improper for the purpose, must have been manifest to those who sought to use it. That it was a dangerous proceeding to subject even a new and strong rope to the tearing and fraying process necesssarily resulting from contact with the rough edges of the lattice work, must have been equally manifest to all those concerned. And it is in proof that they were put upon special inquiry as to the unsafe character of their appliance by the fact that the rope became clogged or jammed in the iron work and refused to move.
As we have said, there is no proof whatever that any such appliance as this had ever been used before by the appellees, or had been at any time authorized by them to be used. And the utmost that could reasonably be claimed here is that they gave a tacit consent to its use on the present occasion because they did not object to it. It is shown that Moreland was some twenty feet away from the place of the accident, and might have seen what was going on, if he was looking that way. But we are not therefrom to infer that he was looking that way, was cognizant of what was being done, and tacitly sanctioned it. Negligence may be inferred from circumstances; but the circumstances must be such as reasonably to justify the inference. Mere possibility that one might have had knowledge, if certain conditions are assumed as having existed, will not justify the imputation to him of such knowledge.
*226 But even if we assume that there was actual negligence on the part of Moreland, and that he had expressly authorized and directed the use of a rotten rope on this occasion, and that he had expressly authorized and directed it to be run through the interstices of the lattice work, it is still very plain that the accident which occurred to the appellant was the direct result of his own thoughtless and improvident, although well-meant, action. No one directed the appellant to get on the barrel in order the better to pull the rope; no one directed him to swing off from the barrel at the end of the rope, and thereby to add the weight of his body to the force which was exerted in order to raise the deer. That was undoubtedly a dangerous proceeding, which he would not have been justified in pursuing even at the direct and positive command of Moreland. Railroad Co. v. Jones, 95 U. S. 439. But, so far as the record shows, there was no suggestion from anyone that he should do this thing. It was his own voluntary act to do it. Had he remained upon the floor, or even upon the barrel, tugging at the rope, even though the rope had been broken in the effort, it is very clear that the accident would not have occurred, or at all events would not have occurred in the manner and to the extent to which it did occur. To the appellant’s own action, therefore,, must be attributed the injury which he received, and not to any negligence on the part of his employers.
We think that there was nothing in this cause to be submitted to a jury; and we are of opinion that the trial court was entirely right in directing a verdict for the appellees. The judgment appealed from, therefore, must be affirmed, with costs. And it is so ordered.