NAHUM BRYANT v. CENTRAL VT. RAILROAD COMPANY.

*Railroad.  Evidence.  Expert.  Negligence.  Contributory Negligence.*

1. In an action against a railroad company for damages caused by fires communicated by its engines, the testimony of its road-master, as an expert, was not admissible to prove, that its section man, who had charge of the section where the fire originated, was "a careful, prudent, and attentive man " in the discharge of his duties.
2. Nor was evidence admissible as to the cutting and management of the weeds and vegetable growth on the margin of the road in *other years*, and as to the proper time for burning the same.
3. The defendant's duty was dictated and measured by the exigencies of the occasion. His negligence could not be disproved by the custom of other persons or corporations under similar circumstances.
4. The charge of the court, q. v., as to contributory negligence, is sustained.

ACTION to recover for damages claimed to have been sustained by fires communicated by defendant's engines to timbered land of the plaintiff, in the town of Vernon, on the 4th and 14th days of October, 1879, on the line of the New London Northern Railroad; then operated by defendant.

Plea, general issue. Trial by jury, September Term, 1883, ROWELL, J. presiding. Judgment for the plaintiff. The defendant's seventh request:

" The defendant in order to be without fault in respect to combustible material within the located limits of the railroad, was not bound to do more than was reasonably practicable; it was only bound to treat and care for its road-bed and margins in respect to the grass, bushes, and vegetable growth thereon in such manner as experienced, prudent, and careful managers and operators of railroads ordinarily care for and treat in that respect; and if the jury find from the evidence that defendant cared for and kept the road beds and margins, in respect to combustible matter, and in respect to the mowing and burning the vegetable growth thereon in substantially the same manner as careful and prudent managers and operators of railroads do in this respect, then the jury would not be warranted in finding the defendants wanting in requisite care and prudence on account of the con-

dition of the road-bed and margins, nor on account of the treatment of the vegetable growth thereon."

Charge of the court as to contributory negligence:

"If the fires were communicated to the railroad land solely by reason of the negligent condition in which that land was, as to having inflammable material upon it, and you should find that plaintiff was also negligent in respect to the condition his land was in, (no claim is made but that he knew of its actual condition,) and his negligence contributed in any degree to fires getting on his land in the first instance, he cannot recover ; for in this event, there would be mutual negligence of the same character. But if the plaintiff was not negligent in respect to the condition of his land, or if he was, and that negligence contributed in no degree to such fires getting on to his land, his right of recovery is not affected by that condition of the land.

So here you will inquire in what condition in point of fact the plaintiff's land was. And this, again, is a fact for you to determine upon the evidence. That the plaintiff knew what its condition really was, there is no controversy.

You will take into consideration the character of the land, when you are inquiring as to whether the plaintiff was guilty of any negligence or not—it was wood-land—what use he had a right to make of it as a reasonable and prudent man, in view of the fact that the railroad ran along in close proximity to it; and ask yourselves, whether he omitted to do anything in respect to the condition of his land, that a careful and prudent farmer, situated just as he was, would have done. If he did not omit to do what a careful and prudent man would have done, situated as he was, of course there was no ground to charge him with negligence. On the other hand, if you think he did—if you find brush was there, as the evidence on the part of the company tends to show, and you think that in view of the circumstances with which he was then surrounded, the dryness of the season, and all the other circumstances bearing upon that question, that he came short of doing what a careful and prudent man would have done, and that shortage contributed to the fire getting on to his land in the first instance—upon the railroad land, set by means of the negligent condition that the railroad land was in, then of course his negligence would be contributory to his misfortune, and he cannot recover.

You notice that I say if it contributed to the fire getting on to his land in the first instance. If the fire got upon his land

without any fault of his, and did him damage, why, his right of recovery would not be taken away."

*J. G. Eddy* and *L. M. Reed*, for the plaintiff.

*J. L. Martin* and *C. B. Eddy*, for the defendant.

The opinion of the court was delivered by

Royce, Ch. J. The first exception urged by the defendant is to the exclusion of the testimony of its roadmaster, as an expert, as to whether McNulty, the defendant's section man, who had charge of the section where the fire originated, was "a careful, prudent, and attentive man" in the discharge of his duties. It is claimed that the evidence offered was admissible upon the question of whether the defendant used "all due care and diligence" in its management of the railroad.

The rule laid down in Pierce on Railroad Law, 296, and abundantly sustained by authority, excludes expert evidence on matters equally within the knowledge of the jury, or of unskilled persons, or on the *ultimate fact* to be found by the jury; and various instances are there cited, which, in principle, exactly meet this case. The character of McNulty for care, prudence, and attention in the discharge of his duties, must be decided upon the evidence of his acts; and upon these the jury were quite as competent to form an opinion as any expert could be. Besides, general evidence of care and prudence at other times would have no tendency to prove care in the particular instance. *Gahagan v. Boston & L. R. R. Co.*, 1 Allen, 187.

These principles and reasons are equally fatal to the exceptions taken to the exclusion of evidence as to the cutting and management of the weeds and vegetable growth on the margin of the road in *other years*, and as to the suitable and proper time for burning the same. It would certainly be difficult to find more competent "experts" on the question of the proper time and circumstances for the burning of vegetable refuse than will be found on Vermont juries.

The defendant's seventh request embodies a proposition manifestly unsound. It is radically inconsistent with the established

legal definition of negligence, that it should be proved or disproved in the particular case by evidence of the custom of other persons or corporations, whether prudent or otherwise, under similar circumstances, or by speculations and inferences as to what they would have done in the case on trial. The Supreme Court of the United States, in *Railroad Co.* v. *Jones*, 95 U. S. 439, defined negligence to be " the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances of the situation, or doing what such a person under the existing circumstances would not have done. The essence of the fault may lie in omission or commission. The duty is dictated and measured by the exigencies of the occasion." The issue is thus necessarily confined to what the circumstances and exigencies of the particular occasion really were, and what the defendant actually did or omitted to do with reference to them. These facts being shown, it is the exclusive province of the jury to find whether the course pursued was negligent or otherwise, under proper instructions from the court as to what in law constitutes actionable negligence. In the instructions of the court upon this point we find no error; and we think they were substantially in exact accordance with the rule cited by the defendant in Pierce on Railroad Law, 310.

We think the defendant's eighth, tenth, and twelfth requests were complied with as far as the authorities would warrant; and that the charge of the court upon the subject covered by them —contributory negligence—was in accord with the principles laid down by this court in *Trow* v. *Vermont Central R. R. Co.* 24 Vt. 487, and other authorities, many of which may be found collated in Pierce on Railroad Law, 326 *et seq.*; even going further than perhaps in strictness the defendant could ask, where, upon page 8 of the stenographer's transcript of the charge, the jury were instructed that, " If the plaintiff was also negligent in regard to the condition his land was then in, in the same respect, and that condition *contributed in any degree* to the production or causing of this injury, he cannot recover." See Pierce on Railroad Law, 435. The judgment is affirmed.