The three ordinary issues in actions of this character were (79) submitted.
There was verdict and judgment for plaintiff, and defendant excepted and appealed.
This case was before the Court on a former appeal, and will be found reported in 139 N.C. 528.
The facts supporting the claim of plaintiff are substantially similar to those disclosed in the former appeal. *Page 87 
There was much testimony on the part of defendant contradicting the evidence offered by plaintiff; but the jury have accepted the plaintiff's version of the occurrence, and we find no error which gives the defendant any just ground of complaint.
There was some additional testimony offered on the present trial as to the existence or non-existence of a rule on the part of the defendant forbidding the plaintiff to take a position on the pilot of the engine. This was submitted to the jury and found against defendant under the following charge (after correctly charging as to the effect of such a rule, if the same existed):
"If the jury find from the evidence that the rule which was offered by the defendant was habitually violated, to the knowledge of the defendant, or of those who stood towards the plaintiff in the position of vice-principals, or if the jury find from the evidence that the rule was so frequently and openly violated for such a length of time that the defendant could, by the exercise of ordinary care, have ascertained that it was being violated, the Court charges you that if you find these to be the facts, the rule is considered in law as being abrogated, and would have no effect upon the acts of the plaintiff."
This charge is in compliance with our former decision, and we still think it declares the correct doctrine on the question. (80)
The only objection seriously urged upon the argument here was that the Judge should have instructed the jury that on the entire evidence, if believed, they should answer the issue as to contributory negligence in favor of the defendant.
This would be, in effect, to sustain defendant's motion to nonsuit; and as said by Douglas, Judge, in Coley v. R. R., 129 N.C. at page 413: "It is well settled that on a motion for nonsuit, or its counterpart, the direction of a verdict, the evidence for the plaintiff must be accepted as true, and construed in the light most favorable to him."
Applying this rule to the facts before us, we are of opinion that the position contended for by defendant cannot be sustained.
The plaintiff, among other things, testified as before, that he was an employee working on a freight train of defendant, and was known as the "front train hand"; that on the night of 29 November, 1902, as this train was going into the yard at Hamlet, N.C. he was injured by having his foot run over and crushed by the engine of the train on which he was working; that it was a part of plaintiff's duties at such times to keep a lookout in front of the engine, that he might change the switches, when required, for the proper moving of the train and to protect his train from loose cars which might be on the track; and in order to be ready to perform his duties efficiently the proper placing was on the pilot of the engine; that all the engines plaintiff had ever worked on to *Page 88 
this time had a step on the pilot for the use of the train hand, and also a hand-hold running around the beam of the pilot by which he could hold on with reasonable safety; and plaintiff was instructed, both by the engineers and conductors of freight trains, who had charge of the same, to take this position on the pilot when engaged in this duty. That all other hands did so when engaged in the work, and that an employee (81) could not properly perform this duty, as it was required of him, in any other position.
Stating the evidence on this point by question and answer in the redirect examination, the evidence appears as follows:
Q. When you entered a yard to change those switches, or perform those duties you had to perform, would the engineer stop for you to do it?
A. No, sir; he would not stop for me to get off or on. They would not have a man they would have to stop for. They would curse him and turn him off.
Witness further testified that on the night in question, as the train entered the yard at Hamlet, plaintiff had gone forward and changed the switch and came back to take his usual position on the pilot, the engine running along the track about as fast as a man could walk; that plaintiff got on the engine, putting his foot on the step provided for the purpose; and after having taken this position, the engine made some jolt or eccentric movement caused by a depression of the track, or otherwise and plaintiff was thrown on the track in front, and his foot run over and crushed, as stated; that plaintiff was thrown because this engine did not have the usual hand-hold along the pilot beam; that it was on all the engines that plaintiff had ever worked on before, and plaintiff did not know it was lacking here when he got on, or he would not have done so.
If this statement is accepted as true, the plaintiff, on general principles applicable to cases of this character, would have a clear right of action, and there would seem to be no case of contributory negligence presented. Certainly the Judge could not hold, as a matter of law, that plaintiff was guilty of contributory negligence.
Apart from this, it will be noted that there is no carelessness imputed to plaintiff here in his personal conduct, except that of working on in the presence of a defective appliance or machine, which, as (82) stated in a former opinion, has been usually dealt with under the head of assumption of risk; and this defense, under our statute on the subject, as construed by the courts, has been eliminated in cases of this character.
The statute, Private Laws 1897, ch. 56, sec. 1, provides that whenever an employee of a railroad company operating in the State is injured or *Page 89 
killed by reason of the negligence of another employee, or by reason of any defect in machinery, way, or appliance, he shall have a right of action.
Section 2 provides that any contract or agreement, expressed or implied, made by employee to waive the benefit of the general section shall be null and void.
In Coley v. R. R., 128 N.C. 534, the Court held that assumption of risk, being in its nature a contractual defense, was not open to defendant in a case of this kind, and a verdict and judgment for plaintiff was sustained.
A reference to the facts of Coley's case, stated in the opinion of theChief Justice on page 534, will show that the cause was one in all its essential features exactly similar to the one before us; the only difference being that in Coley's case the employee had taken the usual and customary position on the rear of a shifting engine which was moving backwards, and was thrown on the track and injured by reason of a defective engine in not having a grab-iron by which employees engaged in that duty were accustomed to hold on and save themselves, while in the case before us the defect was in front of the engine, which was moving forward. In that case, too, a recovery was sustained, though the defect was known and observed; while here, the plaintiff testified that he did not know of the defect; and the testimony does not disclose that he had any opportunity to notice the absence of the hand-hold till the emergency was upon him. In both cases, however, the employees had taken, or were endeavoring to take, the position they were required to take in the proper performance of their duties.
As said in the present case, on the former appeal, this construction of the statute "does not at all import that in cases of the (83) kind we are now considering the plaintiff is absolved from all care on his own part. Except in extraordinary and imminent cases, like those of Greenlee and Troxler, he is still required to act with that due care and circumspection which the presence of such conditions require. And, if apart from the element of assumption of risk, the plaintiff, in his own conduct, has been careless in a manner which amounts to contributory negligence, his action must fail."
We are referred by defendant to a large number of cases which seem to hold that it is negligence per se to take a position on the pilot of an engine, and more especially on that portion of it popularly known as the cow-catcher. But an examination of the facts of these cases will, in every instance, disclose that the injured person seeking redress had voluntarily taken such a position; and was either not an employee of the train at all, or was not required to take such a position in the necessary and proper performance of his duty. *Page 90 
Thus, in Warden v. R. R., 94 Ala., p. 277, the plaintiff was a brakeman who had voluntarily taken his position on the pilot when no duty required him to do so.
Said McClellan, Judge: "It does not appear that he had any duties to perform, or that any of his duties could be performed on the pilot crossbeam or cow-catcher, or that it was in any sense necessary for him to be on the crossbeam in front of the engine at any time."
In R. R. v. Jones, 95 U.S. p. 439, plaintiff was not an employee as a train hand, but had voluntarily taken a position on the pilot of an engine when he had been warned against riding on the pilot and forbidden to do so. The distinction is well brought out in a case from the Georgia Reports, quoted in one of the briefs (R. R. v. Myers, 112 Ga. 237), as follows:
"That such employee and others of his class had been in the (84) habit of riding on the locomotive, and that he, at the time of the catastrophe, was so doing with the knowledge of the conductor and engineer, and that this was in pursuance of a custom known to the officials of the company, did not render the above rule inapplicable, unless it further appeared that the deceased was on the locomotive in obedience to some order which he was bound to obey, or in the discharge of some duty which it was incumbent on him to perform."
As we have heretofore seen, the plaintiff's evidence was to the effect that he was, at the time of the injury, on the pilot of the engine by order of his superiors and in the necessary performance of his duties; and having been injured by reason of a defective machine, and being guilty of no carelessness on his own part, personal conduct, his right of action is established.
There is no error in the record to the prejudice of defendant, and the judgment below is affirmed.
No Error.