# Williams v. Monongahela Connecting Railroad Company, Appellant.

*Negligence—Railroads—Standing on pilot of engine—Contributory negligence.*

1. To ride upon the pilot in front of an engine without a necessity for so doing, or unless the railroad company by its rules authorizes employees to ride on the pilot in certain instances, or where provision is made for the employee to stand in front of the engine for the convenient discharge of duty, as in the case of a shifting engine used in yards where trains are made up, and for other like purposes, is negligence per se which will defeat a recovery for injuries received in collisions or other like causes.

2. A freight conductor who is injured by being thrown from the pilot

of a moving engine where he was standing, cannot recover from the railroad company owning the track upon which the engine was being run, where it appears that the conductor was in the employ of the railroad company owning the engine, that the engine had no standing board in front of the pilot, that the conductor took his stand voluntarily on the pilot without any duty to perform thereon, and that he had on all previous occasions gone ahead of the engine in performing a similar duty.

Argued Oct. 22, 1908. Appeal, No. 82, Oct. T., 1908, by defendant, from judgment of C. P. No. 3, Allegheny Co., May T., 1904, No. 237, on verdict for plaintiff in case of William R. Williams v. Monongahela Connecting Railroad Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before KENNEDY, P. J.

The facts of the case are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $3,029. Defendant appealed.

Errors assigned amongst others were in refusing binding instructions for defendant.

Wm. A. Challener, with him James C. Gray and Clarence Burleigh, for appellant.—Plaintiff was guilty of contributory negligence: Downey v. Ry. Co., 28 W. Va. 732; Thane v. Traction Co., 191 Pa. 249; Woodroffe v. Roxborough, etc., Ry. Co., 201 Pa. 521; Bainridge v. Traction Co., 206 Pa. 71; McDade v. Rapid Transit Co., 215 Pa. 105; Harding v. Phila. Rapid Transit Co., 217 Pa. 69; Warden v. R. R. Co., 94 Ala. 277 (10 So. Repr. 276).

F. W. Miller, with him John S. Robb, for appellee.—The plaintiff's duty required him to be upon the pilot at the time he was hurt and it was the uniform custom for employees discharging the duties the plaintiff was performing at the time the accident happened and was immediately thereafter to

perform, to ride upon the pilot. The plaintiff could therefore not be held guilty of contributory negligence by reason alone of his being upon the pilot no matter what accident occurred. Even if the plaintiff, however, could be deemed guilty of contributory negligence at all by the mere reason that he was standing upon the pilot, it would only be with reference to accidents which he would be bound to foresee in the ordinary course of events, such as a collision. An accident such as the one which happened, due to the cause which gave rise to it, was not one which the plaintiff in any event was bound to foresee. The rule as to proximate cause is just as applicable to contributory negligence as to negligence itself: Gray v. Scott, 66 Pa. 345; Kibele v. Phila., 105 Pa., 41; R. R. Co. v. McCloskey, 23 Pa. 526; Baughman v. R. R. Co., 92 Pa. 335; Penna. R. R. Co. v. Zink, 126 Pa. 288; Hammer v. Steel Car Co., 204 Pa. 594.

OPINION BY MR. JUSTICE ELKIN, March 1, 1909:

Appellee was not an employee of appellant company. He was a freight conductor of the transporting railroad company which in making up its train used the line of the defendant railroad company. The engine on the pilot of which he was riding at the time of the accident belonged to the transporting railroad company. The appellant had constructed a short line of railroad to connect the tracks of the transporting railroad with the furnaces from which the finished product was taken out and to which raw materials and other freight were carried in. The only duty resting upon the appellant company was to provide a reasonably safe roadbed and tracks over which the engine, trains and employees of the transporting railroad company could be carried into and out of the yards of the furnace company. It is contended that appellant failed in the performance of its duty in that it did not maintain its roadbed and tracks in a safe condition for the purpose intended. As to the alleged negligence of the defendant the evidence is meagre and somewhat indefinite, but on the whole we think it was sufficient to submit to the jury on this branch of the case. The burden, however, was on the plaintiff in the court below not only to establish the negligence of the defendant, but to

make out a case free from contributory negligence on his part. Did he meet this burden? In his testimony in chief the plaintiff described the position occupied by him on the pilot of the engine, commonly known as the cowcatcher, at the time of the accident. He stood with his right foot on the angle iron that formed the base of the pilot, his left foot resting higher on one of the bands of iron running around the pilot and being part of it, his left hand resting on the wooden cross tie to which the pilot was attached, and his right hand hanging loosely by his side. While in this position, the engine moving at a moderate rate of speed, and while crossing over the tracks of a street railway, there was a slight sinking of the tracks on which the engine was moving which caused the nose of the pilot to dip and strike one of the rails of the defendant railroad. The jar or jolt caused the plaintiff to lose his balance, and he was thrown from the pilot on which he stood and received the injuries for which he seeks to recover damages. It must therefore be determined whether under these circumstances he has made out a case free from contributory negligence. This question in one form or another has been passed upon in many jurisdictions, and it has been uniformly held that to ride upon the pilot in front of an engine without a necessity for so doing, or unless the railroad company by its rules authorizes employees to ride on the pilot in certain instances, or where provision is made for the employee to stand in front of the engine for the convenient discharge of duty, as in the case of a shifting engine used in yards where trains are made up, and for other like purposes, is negligence per se which will defeat a recovery for injuries received in collisions or other like causes: Warden v. L. & N. R. R. Co., 94 Ala. 277; Railroad Co. v. Jones, 95 U. S. 439; Doggett v. Railroad Company, 34 Iowa, 284; Robertson v. Railroad Co., 22 Barb. (N. Y.) 91; Glover v. Scotten, 46 N. W. Repr. 936; Kresanowski v. Railroad Co., 18 Fed. Repr. 229; Hickey v. Railroad Company, 96 Mass. 429; Bryant v. Central Vermont R. R. Co., 56 Vt. 710.

We do not understand that the authority of this rule is seriously questioned by the learned counsel for appellee, but it is earnestly contended that the circumstances of the present

case are such as to make the general rule inapplicable and to permit a recovery under what may be termed an exception to the rule. In other words, the right to recover here is based on the theory that the engine in use at the time of the accident was engaged in switching, and must, therefore, be considered a shifting engine, and that the injured conductor in the performance of his duties had a right as a matter of convenience or custom to stand upon the pilot. The engine did not belong to appellant, and it could not be charged with neglect of duty in failing to furnish a proper shifting engine with a standing board in front of it, nor was the appellee an employee of appellant, and it could not exercise any control over him in the performance of his duties. There was nothing in the construction of the engine itself, such as a standing board, to invite an employee to take the dangerous position on the pilot, but it is sought to justify the appellee on the ground of custom. Several witnesses testified that it was customary for employees to stand on the pilot while the engine was passing down into the furnace yards. There is no evidence to show that the railroad company authorized its employees to so ride, or that there was any necessity for so doing. The appellee, who had many years of experience in railroad work and who had been engaged a considerable length of time as freight conductor, testified that he had usually walked down ahead of the engine while performing his duties, and that this was the only occasion on which he had attempted to ride on the pilot. He could not therefore say that he was misled by a custom which in his own experience he had never availed himself of before, and which he had disregarded until the very day on which he was injured. The ground upon which the right to recover in any such case is based is justifying necessity in the performance of duty. A brakeman whose duties require him to make a coupling of the engine to a car to which it is to be attached, and where a standing board has been provided for this very purpose in front of the engine, would be justified in taking that position. Of course, in such a case the brakeman should not be held guilty of contributory negligence for standing at a point indicated by his employer and where the duties of his

employment called him to be. In the present case appellee had no duty to perform which required him to stand on the pilot. He was not the brakeman, and had no duty to perform in connection with the coupling of cars. He was the conductor, and part of his duty was to flag the train into the yard after passing Carson street, and this could be better done, as it had always been done before, by walking down ahead of the engine. If he had done so he would not have been injured. He chose, however, to stand in the most dangerous place. He could have taken a seat on the cross tie where the brakeman who was not injured took his place, or he could have taken his place on the engine and in either position he would have been safe. He voluntarily took the most dangerous position he could take without any necessity for so doing, or without having to do so in the performance of his duties, and as a result he suffered the injuries about which complaint is made. Under the rule of all the authorities examined in the consideration of this case, and we have examined nearly all of them, the appellee must be deemed to have been guilty of contributory negligence and his right to recover cannot be sustained.

Judgment reversed and is here entered for the defendant.