## CHICAGO AND ERIE RAILROAD COMPANY v. KIRACOFE.

[No. 7,150. Filed October 4, 1911.]

1. MASTER AND SERVANT.—*Railroads.*—*Defective Pilots.*—*Negligent Orders.*—A complaint by a railroad brakeman, alleging that defendant railroad company's locomotive engineer directed him to go upon the pilot of the engine and to flag a certain approaching train, that such pilot was defective, of which defendant had knowledge and plaintiff had not, and that under the weight of his body it broke, injuring him, is sufficient when attacked for the first time on appeal, the rule being that if there is not a total failure to allege some material fact, the complaint will be sufficient, all intendments being in its favor. p. 408.

2. MASTER AND SERVANT.—*Railroads.*—*Defective Pilots.*—*Interrogatories.*—*Verdict.*—In an action by a brakeman for injuries received because of an alleged defective pilot, on which he was riding by order of his locomotive engineer, answers to interrogatories that the plaintiff went through the cab window and upon the pilot while the engine was moving, that the nose of the pilot struck a rail at a crossing and was broken, that it did not fall by reason of plaintiff's weight as alleged, that the plaintiff was ordered by the locomotive engineer to flag an approaching train and that the plaintiff could not do so without riding on such pilot, and that he had been furnished a book of rules, which he had agreed to study, are not irreconcilable with a general verdict for plaintiff. p. 409.

3. MASTER AND SERVANT.—*Contributory Negligence.*—*Riding upon Engine Pilot.*—*Jury.*—Whether a brakeman was guilty of contributory negligence in riding, under the order of his locomotive engineer, upon the pilot of an engine in order to flag an approaching train, is a question for the jury. p. 410.

4. MASTER AND SERVANT.—*Railroads.*—*Rules.*—*Breach.*—*Emergencies.*—*Instructions.*—Where defendant railroad company requested an instruction that if the company laid down rules and put them into the hands of the plaintiff brakeman, it was his duty to obey them, the court's modification of such instruction by adding thereto that if conditions arose where the rules could not be followed, it was the brakeman's duty to take such steps as ordinarily prudent men would take to prevent loss of life, or property, was warranted. p. 410.

5. MASTER AND SERVANT.—*Railroads.*—*Brakemen.*—*Riding upon Pilot.*—*Instructions.*—In an action by a brakeman for injuries sustained while riding upon the pilot of an engine at the com-

mand of his locomotive engineer for the purpose of flagging an approaching train, a requested instruction that under such circumstances he could not recover, was properly refused, the question of contributory negligence in such case being for the jury. p. 411.

6. MASTER AND SERVANT.—*Assumption of Risk.—Instructions.—*An instruction that does not purport to enumerate the elements essential to a recovery, by a brakeman, for injuries sustained, is not bad for failure to include the element of assumption of risk, the jury having theretofore been fully instructed on such point. p. 411.

From Huntington Circuit Court; *Samuel E. Cook,* Judge.

Action by Alvin R. Kiracofe against the Chicago and Erie Railroad Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*W. O. Johnson* and *Kenner, Lucas & Kenner,* for appellant.

*Lesh & Lesh,* for appellee.

FELT, P. J.—Appellee recovered judgment for $100 against appellant for personal injuries.

The assignments are as follows: (1) The complaint does not state facts sufficient to constitute a cause of action; (2) the court erred in overruling appellant's motion for judgment on the answers to the interrogatories notwithstanding the general verdict; (3) the court erred in overruling appellant's motion in arrest of judgment; (4) the court erred in overruling the motion for a new trial.

The complaint alleges, in substance, that on and prior to November 8, 1907, appellee was in the employ of appellant as a brakeman; that as such brakeman he was subject to the order of the engineer of the train upon which he worked, and it was his duty to obey such orders; that on said day, while so employed, he was directed by said engineer to go upon the pilot of his engine, and flag train No. 9; that, pursuant to such order, he went upon the pilot; that the timbers of said pilot were rotten and defective, and while appellee was upon said pilot, for the purpose afore-

said, the timbers and braces gave way from the mere weight of appellee's body, and caused him to fall; that in order to avoid being run over, he threw himself from the track, and in so doing, and without any fault on his part, he caught his hand and injured two of his fingers; that said injuries were caused wholly by the negligence of appellant in failing properly to inspect said engine and said pilot, and in failing to provide a pilot to said engine sufficient to bear the weight of any employe of said company whose duty required him to ride thereon, and in failing to provide the crew of said train—of which appellee was a member—with reasonably safe machinery and appliances—particularly the pilot of the engine—with which to perform the work required of it in the discharge of its duties; that prior to the time appellee received his said injury he had no knowledge of the defective condition of said pilot.

Where the sufficiency of a complaint is not questioned until after verdict (assignments of errors one and three), all intendments are in favor of the pleading. If there is not a total failure to state some essential element of the right of recovery, and the complaint states facts sufficient to bar another action for the same cause, the verdict cures all other defects, and is sufficient to sustain the judgment. *Oliver Typewriter Co.* v. *Vance* (1911), *ante*, 21; *Scott* v. *Collier* (1906), 166 Ind. 644. Tested by this rule, we think the complaint clearly sufficient, even if insufficient as against a demurrer, which we do not determine.

The jury, in answer to interrogatories, found that the engineer and conductor had written orders that were read by appellee; that appellee went through the cab window

2.    and climbed down upon the pilot while the engine was moving; that the nose of the pilot struck the west crossing rail of the Lake Erie and Western railway tracks, and the pilot was broken; that it was not constructed of solid oak, firmly bolted and fastened to the engine; that it did not fall by reason of appellee's weight; that the engi-

neer told appellee to flag No. 9, and he could not, at the time, pass through the gangway with safety, for the purpose of flagging the train; that when appellee entered appellant's employ he was given a book of rules that explained his duties, and he agreed to study them; that appellee's train arrived at Kingsland at 7.52 o'clock, that it required ten minutes to clear the siding, and that No. 9 was to leave Kingsland at 8 o'clock. These answers are not in such conflict with the general verdict as to overcome it, and entitle appellant to judgment thereon.

It is true that many cases hold that to ride upon a pilot, without apparent necessity for so doing, is negligence that will preclude a recovery; but where an employe is

3. acting in an emergency, under orders he is bound to obey, whether his act in so doing constitutes contributory negligence, which will defeat a recovery in case of an injury, is a question of fact to be determined by the jury, from the evidence. *Baltimore, etc., R. Co.* v. *Slaughter* (1906), 167 Ind. 330, 7 L. R. A. (N. S.) 597, 119 Am. St. 503; *Baltimore, etc., R. Co.* v. *Leathers* (1895), 12 Ind. App. 544; *Filer* v. *New York Cent. R. Co.* (1872), 49 N. Y. 47, 10 Am. Rep. 327; *Kane* v. *Northern Cent. R. Co.* (1888), 128 U. S. 91, 32 L. Ed. 339, 9 Sup. Ct. 16; *Warden* v. *Louisville, etc., R. Co.* (1891), 94 Ala. 277, 10 South. 276, 14 L. R. A. 552; 4 Thompson, Negligence (2d ed.) §§4731–4752.

Appellant requested the court to give the following instruction: "I instruct you that if the railway com-

4. pany laid down rules, and put them into the hands of the plaintiff, it was his duty to obey those rules in the discharge of his duties."

The court refused the instruction, and gave the following: "I instruct you that if the railway company laid down rules, and put them into the hands of the plaintiff, it was his duty to obey those rules in the discharge of his duties, but if conditions arise when the rules cannot be followed, then it is the duty of the employe to take such steps as an ordinarily

prudent man would take to prevent loss of life or destruction of property.''

The instruction given by the court, when fairly construed, is supported by authority. The one refused states the same rule without any qualifications, and, as applied to the facts of this case, the court was warranted in refusing it. *Cleveland, etc., R. Co.* v. *Gossett* (1909), 172 Ind. 525; *Diamond Block Coal Co.* v. *Cuthbertson* (1906), 166 Ind. 290.

The court was also asked to instruct the jury, that if a railroad brakeman rides on the pilot of an engine and is injured, he cannot recover damages, even though he may have been ordered to such place by a superior, whose orders he was bound to obey. This instruction was properly refused. While, as a general proposition, riding upon the pilot of an engine shows negligence on the part of the one so doing, it is not true in every case; and, on the facts of this case, it was a question for the jury to determine from the evidence, and not a pure question of law to be declared by the court. *Cleveland, etc., R. Co.* v. *Gossett, supra; Baltimore, etc., R. Co.* v. *Leathers, supra; Gulf, etc., R. Co.* v. *Knox* (1901), 25 Tex. Civ. App. 450, 61 S. W. 969.

Objection is made to instruction three, tendered by appellee and given by the court. In said instruction there is no attempt to enumerate the elements essential to a recovery, but to instruct the jury as to the duty of the railway company to inspect its engines. The objection urged is that it fails to include the doctrine of assumed risk; but as the court fully instructed the jury as to the assumption of risk by an employe, the objection cannot be sustained, for the error, if any, was harmless.

On the whole, the instructions given stated the law fully and fairly to both parties, and the motion for a new trial was properly overruled.

Judgment affirmed.