# Washington v. Gulf Refining Company, Appellant.

*Negligence — Automobiles — Side-swipe   collision — Passenger seated on floor with legs hanging over side—Contributory negligence—Case for jury.*

In an action to recover damages for personal injuries sustained in a collision between two automobile trucks going in opposite directions, the case is for the jury and a verdict for the plaintiff will be sustained where it appeared that plaintiff at the time of the collision was seated on the floor of the car in which he was riding, with his legs hanging over the side, for the purpose of keeping a better lookout for the exact location of a fire to which he was going, and the evidence was conflicting as to whether at the time of the collision his car had come to a standstill on the right side of the road and was struck by the defendant's car coming from the opposite direction, or whether the driver of the car in which he was riding had turned suddenly to the left before the two cars had cleared each other in passing.

Argued Jan. 29, 1917. Appeal, No. 214, Jan. T., 1916, by defendant, from judgment of C. P. Montgomery Co., June T., 1915, No. 43, on verdict for plaintiff in case of Schuyler L. Washington v. Gulf Refining Company. Before BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SWARTZ, P. J.

From the record it appeared that the plaintiff was an employee of the Suburban Gas and Electric Company and on October 27, 1914, sustained an injury to his leg while riding in one of the company's small automobile trucks to render assistance at a fire. There was one seat on the truck and this was too small for three men to sit on comfortably and leave room for the driver to operate the car. Plaintiff, who was the last of the three men to get on the truck, first sat partly on the center of the seat between the driver and the other occupant of the

car and partly on the latter's lap. There was a canvas curtain on the front of the car with mica squares in front on a line with the driver's eyes. Plaintiff testified that from his elevated position on the seat his head was too high for him to see through the mica square in the curtain and as it was necessary to him to be on the lookout, as the exact location of the fire was not known, he assumed a seat on the floor of the truck with his legs hanging over the ledge of the body of the car, but not extending out as far as the wheels. His legs were sufficiently far from the front wheel and axle that had the wheel turned against the body of the car it could not have touched his legs or feet.

The defendant's large oil tank truck approached the gas company's truck from the opposite direction, and although it was six o'clock and dark plaintiff and his companion noticed the defendant's truck when the two cars were 500 feet apart. Although the evidence was undisputed to the effect that the small truck approached on its right side of the highway and gave ample room for the large truck to pass, a collision occurred between the two machines, the left hind wheel of the defendant's truck striking the hub cap of the left front wheel of the small truck, forcing the front axle of the latter from its fastenings and pushing it back so that the wheel or axle pressed the plaintiff's leg against the body of the small truck and seriously injuring it.

Plaintiff's witnesses testified that at the time of the collision their truck was standing still, while defendant's witnesses declared that it was in motion and going at the rate of 15 or 20 miles an hour and that the accident occurred as a result of the small truck turning suddenly to its right before the two cars had completely cleared each other.

Verdict for plaintiff for $3,547.50 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant and instructions to the jury.

*C. Townley Larzelere, Franklin L. Wright* and *Nicholas H. Larzelere,* for appellant.

*Aaron S. Swartz, Jr., John M. Dettra, Samuel H. High* and *Montgomery Evans,* for appellee.

PER CURIAM, March 12, 1917:

We have not been convinced that the learned trial judge erred in refusing to take this case from the jury. Under the testimony it was for them to pass upon the negligence of the defendant and the contributory negligence of the plaintiff, and, as nothing in the third, fourth, fifth, sixth and seventh assignments of error calls for a retrial, the judgment is affirmed.