J. G. KUYKENDALL v. INDEPENDENT COACH LINE, INC., AND THE TOWN OF CANTON.

(Filed 19 December, 1928.)

**Negligence — Contributory Negligence — Persons Injured in General — Bus Lines.**

Where a passenger on a crowded bus rides on the fender of the bus with the expressed or implied consent of the company, and places himself so as to obstruct the line of vision of the driver, and this proximately causes a collision in which he is injured, his contributory negligence will bar his recovery.

APPEAL by plaintiff from *Deal, J.,* at May Term, 1928, of HAYWOOD. Affirmed.

This was a civil action for actionable negligence, brought by plaintiff against defendants, for a personal injury alleged to have been received by him while he was a passenger on a trailer or car, operated by an agent of the defendant, Independent Coach Line, Inc., which trailer or car collided with a tar-kiln or tank owned by the defendant, town of Canton, and which was being used in the repair of certain streets in said town.

At the close of plaintiff's evidence each of the defendants moved for judgment as in case of nonsuit. C. S., 567. The court below allowed the motions and the plaintiff excepted, assigned errors and appealed to the Supreme Court.

*Hannah & Hannah and W. R. Francis for plaintiff.*
*Morgan & Ward and Alley & Alley for Independent Coach Line, Inc.*
*S. M. Robinson for town of Canton.*

PER CURIAM. It was in evidence that on 30 March, 1927, plaintiff was riding on the fender of a trailer to a bus of the Independent Coach Line, Inc., driven by Albert Reeves, going from Canton to Red Hill. The regular bus was crowded and the trailer was crowded. Plaintiff paid the regular fare and got on the front fender of the car, with his feet on the bumper. The driver of the trailer had driven the car about 30 feet when it struck the tar-kiln or tank, owned by the town of Canton, used in the repair of its streets, which was 6 or 8 feet from the sidewalk and in the street, throwing boiling tar over plaintiff to his serious damage. It was day time, between 11 and 12 o'clock. The driver was sitting on the left-hand side of the trailer. Plaintiff was not directly in front of him, but a little to the side. Plaintiff's position obstructed the driver's vision on one side. The tar-kiln was struck a little to plaintiff's side.

Albert Reeves, a witness for plaintiff, testified, in part: "Jim Kuykendall (the plaintiff), was on the left front fender and a fellow from Georgia on the right front fender. With these two men on the fender I could not see an object up the street unless it would be right in the center; I couldn't see on the side for Mr. Kuykendall was on the fender and the other man on the other. . . . My taxi was full and I heard somebody tell Kuykendall, 'You boys will have to take a fender,' and they said 'All right,' and climbed on the fender. . . . I could see right across the radiator; the left part of the bumper where Kuykendall was, was where it hit. . . . I couldn't see from the rear across and couldn't see over the left wheel. . . . If I had seen it at all I would have stopped, or would have passed on the right-hand side of it, but I couldn't see him. . . . There was plenty of room on the left to pass if I could have seen him. I couldn't see him because that fellow was in front and he pulled over there; I am speaking of Mr. Kuykendall. The reason I couldn't see him was because he was in front of me on the fender. If he hadn't been on the front fender I think I could have easily seen the tar-kiln. . . . The only statement that I made in court before Judge Mease was that I had a man on the fender and couldn't see the tar kettle."

The collision was in broad day light. The kiln could easily have been seen, like an automobile, or any other vehicle, in the street. It was the duty of the driver of the trailer, to use due care and keep a proper lookout. It was not negligence, as a matter of law, in plaintiff riding on the fender if he had express or implied permission, especially when the trailer or car was crowded; but when he got on the fender, in front of the driver and obstructed his view, which he knew, or in the exercise of ordinary care ought to have known, under the facts and circumstances of this case, we are of the opinion that he was guilty of contributory negligence. On all the evidence he put himself in the place that obstructed the driver's view, and this was the proximate cause of his injury. The judgment of nonsuit in the court below is

Affirmed.