EARL E. ROBERSON v. CAROLINA TAXI SERVICE, INC.; EDDIE BINE AND A. W. SIMON (ORIGINAL PARTIES DEFENDANT); AND PAUL BURTON (ADDITIONAL PARTY DEFENDANT).

(Filed 4 January, 1939.)

1. **Automobiles § 16—Riding on running board held not contributory negligence as matter of law in action against driver of other car.**

   The evidence tended to show that plaintiff was riding on the left running board of an automobile, the running board being twelve or fourteen inches wide and plaintiff's body being ten inches thick, so that no part of plaintiff's body extended beyond the side of the running board; that a car coming from the opposite direction, driven with its left wheels over the center line of the highway, struck the car on which plaintiff was riding, which was being driven on its right side of the highway, causing the injury in suit, and that the accident occurred on a clear night in the absence of heavy traffic, where the center line of the highway was plainly visible. *Held:* Plaintiff's position on the running board does not conclusively establish contributory negligence as a matter of law, since, even conceding that such position constituted negligence, whether injury from the negligent operation of the other car, or in other like manner, should

have been foreseen and therefore whether such negligence was a proximate cause of the injury, is for the determination of the jury. The danger ordinarily to be apprehended from such position is that of falling or being thrown therefrom in the operation of the car by the driver thereof.

2. **Same—Object of statute prohibiting loading of passenger vehicles beyond left fenders is the safety of other vehicles on the highway.**

The statute prohibiting the extension of any part of the load of a passenger vehicle beyond the line of the fenders on the left side of such vehicle, Public Laws of 1937, ch. 407, sec. 80 (b), imposes a duty for the safety of other vehicles on the highway, and is not conclusive on the question of contributory negligence of a passenger riding on the running board, with none of his body extending beyond the line of the fenders, who is injured by the negligent operation of another vehicle.

3. **Negligence § 9—**

One of the elements of proximate cause is that the injury be one which, in the exercise of reasonable foresight, could have been anticipated as likely to occur under all the circumstances as they appeared and were known at the time.

APPEAL by defendants Carolina Taxi Service, Incorporated, and Eddie Bine, from *Johnston, J.,* at September Term, 1938, of FORSYTH. No error.

Action for damages for personal injury alleged to have been caused by the negligence of the defendants in the operation of a taxicab. The Carolina Taxi Service, Inc., was the owner of the taxicab which was then being operated for it by the defendant Bine.

The pertinent portions of the evidence offered by the plaintiff may be briefly summarized as follows:

On the occasion alleged, 31 May, 1937, about 1:30 a.m., plaintiff, a young man twenty-four years of age, was riding on the running board of an automobile being driven by Paul Burton on the highway just east of the city of Winston-Salem. The automobile was filled with young men and young women, friends of plaintiff. They were driving out to a filling station for barbecue and soft drinks, and plaintiff was invited to accompany them. There were eleven in the automobile, seven inside and two on each running board. The plaintiff was on the left running board immediately behind a young man named Criner. The glass in the automobile was lowered and plaintiff was holding on with his hands to the upright and the roof, "his arm around the post." The running board on which he was standing was twelve or fourteen inches wide. Plaintiff's body was about "ten inches thick at the thickest point." The automobile was being driven in its proper lane of traffic at the rate of thirty-five to forty miles per hour. The lights were burning, the night

was clear, and there was no other traffic.  The highway was straight and the pavement eighteen feet wide, with the center line plainly marked.

At this point the automobile met defendants' taxicab being driven by defendant Bine, proceeding in the opposite direction, westwardly toward the city, at a speed of forty-five or fifty miles per hour.  There were two lights on the taxicab, one headlight and one "fog light" on the left side of the windshield.  Just before meeting the automobile the taxi was driven on its left side of the center of the highway, fifteen or eighteen inches over the center line, and it struck the left side of the automobile on which plaintiff was riding, and he and Criner were injured.

Defendants offered no evidence.  At the close of the evidence judgment of nonsuit was entered as to defendants A. W. Simon and Paul Burton.  The usual issues of negligence, contributory negligence and damage were submitted to the jury as to defendants Carolina Taxi Service, Inc., and Eddie Bine, and verdict returned in favor of plaintiff. From judgment on the verdict, defendants appealed.

*John C. Wallace and H. H. Leake for plaintiff, appellee.*
*Fred S. Hutchins and H. Bryce Parker for defendants, appellants.*

DEVIN, J.  Appellants challenge the correctness of the result below chiefly on the ground that the plaintiff's evidence conclusively showed such contributory negligence on his part that their motion for judgment of nonsuit should have been allowed.  They urge that by reason of the fact that plaintiff voluntarily took a position of danger on the running board of a moving automobile he was, as a matter of law, barred of recovery for an injury to which, it is contended, his own negligence thus proximately contributed.

This presents the question whether the mere fact that the plaintiff was standing on the running board of an automobile when he was injured by being struck by another motor vehicle negligently driven, conclusively establishes, as a matter of law, contributory negligence on his part, so as to entitle the defendants to a judgment of nonsuit on that ground.

A case in some respects similar was considered by this Court in *Graham v. Charlotte,* 186 N. C., 649, 120 S. E., 466.  In that case the plaintiff rode on the side of a truck, with his feet hanging over the bed of the truck on which he was seated and extending beyond the line of the wheels six or eight inches.  In this situation plaintiff was injured by his foot coming in contact with a post at entrance of a bridge in the city of Charlotte.  There was a city ordinance which provided that "no person when riding shall allow any part of his body to protrude beyond the limits of any vehicle."  It was held that the question of proximate cause was one

for the jury. It will be noted in the instant case the testimony showed that no part of the plaintiff's body extended beyond the side of the running board or the line of the fenders.

In *Kuykendall v. Coach Co.,* 196 N. C., 423, 145 S. E., 770, the plaintiff was riding on the left front fender with his feet on the bumper. The car struck a tar-kiln in the street and plaintiff was injured. The evidence showed that the driver was prevented from seeing the tar-kiln by reason of the position of the plaintiff. The Court said: "It was not negligence, as a matter of law, in plaintiff riding on the fender if he had express or implied permission, especially when the trailer or car was crowded." It was held, however, that the plaintiff having put himself in a place that obstructed the driver's view, this was the proximate cause of the injury, and nonsuit was proper.

In *Wagner v. R. R.,* 147 N. C., 315, 61 S. E., 171, the plaintiff, a passenger, was riding on the platform of the coach, and, on account of mistaken direction from a member of the train crew, stepped off, at night, when the train was over a trestle, and was injured. Plaintiff recovered in the court below, but a new trial was awarded for errors committed in the trial. However, in that case there was a statute (C. S., 3509) relieving a railroad from liability "in case any passenger shall be injured while on the platform of a car," and the applicability of the statute to the facts in that case was discussed in the opinion.

Attention in this case is called to the statute (Acts 1937, ch. 407, sec. 80 [b]) that "no passenger type vehicle shall be operated on any highway with a load carried thereon extending beyond the line of the fenders on the left side of such vehicle." But that statute obviously imposes a duty on the operator of the vehicle with respect to others, and in this case the evidence shows none of plaintiff's body extended beyond the line of the fenders.

The general rule as to the contributory negligence of one riding on the running board of an automobile is stated in Huddy Ency. Auto Law (9th Ed.), Vols. 5-6, section 139, as follows: "An occupant of a motor vehicle may be guilty of contributory negligence if he assumes a position of unnecessary danger. But in the absence of any prohibitory regulation, whether an occupant is negligent in riding in a certain position is a question for the jury."

"It is conceivable that one may take such a position on a running board of a moving automobile as to be reasonably safe from outside traffic, yet if he permits his body to extend over and beyond the outer edges of the running board and the fenders, he exposes himself to the added risk of being struck by other cars. In other words, the position may or may not be dangerous, and the question of negligence in each case must be determined according to the circumstances." *Fidelity Union Casualty Co., Inc., v. Carpenter,* 12 La. App., 321, 125 So., 504.

In *Hamilton v. Harrison,* 126 Kan., 188, the plaintiff was injured while riding on the running board of an automobile as result of collision with another automobile. It was said in that case: "Plaintiff could not be said to have been guilty of contributory negligence as a matter of law because he did not anticipate the likelihood of being knocked off the running board by some reckless driver, nor because he did not anticipate that he was more likely to be injured by riding in that position than if he had ridden elsewhere in the automobile. . . . Whether it was negligence for him to ride on the running board under the circumstances was properly left to the jury under an appropriate instruction." To the same effect is the holding in *Coyne v. Maniatty,* 235 Mass., 181, 126 N. E., 377; *Anderson v. Detroit Motorbus Co.,* 239 Mich., 390, 214 N. W., 172; *Elliott v. Coreil,* 158 Sou. (La.), 698.

In *Lettieri v. Blaisden,* 101 Pa. Super. Ct., 423, where a person riding on the running board of a moving automobile was injured by another car whose driver and owner was alleged to be negligent, it was held that although the injured person would have been guilty of contributory negligence as a matter of law if he had been injured by the negligence of the driver of the car on which he was riding, this rule did not apply when his injury was caused by a collision with another car, and the plaintiff was entitled to have the question of his alleged contributory negligence submitted to the jury.

In *Oakman v. Ogilvie,* 185 S. C., 118, 193 S. E., 920, it was said: "In a large number of cases, where the action was by one injured while riding on the running board of a motor vehicle, against one other than the owner or driver thereof, the question of the contributory negligence of such plaintiff has been held to be for the jury to determine under the facts therein appearing."

In *Bauer v. Calic,* 166 Md., 387, 171 Atl., 713, where the plaintiff was injured while riding on the running board of a truck, the court said: "We are of the opinion that the plaintiff was not guilty of contributory negligence as a matter of law, and the question was properly submitted to the jury for its determination."

We quote the following from the note in 104 A. L. R., at page 326: "In the majority of the cases included herein, where the action was by one injured while riding on the running board of a motor vehicle, against one other than the owner or driver thereof, the question of the contributory negligence of such plaintiff has been held to be for the jury to determine." Cases from Alabama, California, Georgia, Kentucky, Pennsylvania, Rhode Island, and Texas are cited in support of the text. See, also, *Vandell v. Sanders,* 85 N. H., 143, 155 Atl., 193, and cases collected in the annotation under this case in 80 A. L. R., 553.

If it be conceded that one who rides on the running board of an automobile is chargeable in law with voluntarily taking a position fraught with some degree of danger, the danger ordinarily to be apprehended, however, is that of falling or being thrown from the automobile while it is in motion, and it cannot be held as a matter of law that injury to a person so riding, by reason of being struck by another automobile negligently driven, was the natural and probable consequence of his position, which in the exercise of due care he should have foreseen. While the plaintiff was exposed to injury from external violence, negligently or willfully applied, as would be the case to some extent with anyone who travels, it does not necessarily follow that he could reasonably have anticipated injury in the manner, or in a similar manner, to that in which he was injured. Whether the plaintiff's position on the automobile was the proximate cause of his injury is a question for the determination of the jury. One of the elements of proximate cause applicable here is that the injury was one which by reasonable foresight the plaintiff could have anticipated as likely to occur, under all the circumstances as they appeared and were known at the time.

"It is generally held that in order to warrant a finding that negligence is the proximate cause of an injury it must appear that the injury was the natural and probable consequence of the negligence or wrongful act and that it ought to have been foreseen in the light of the attending circumstances." *R. R. v. Kellogg,* 94 U. S., 469.

"The law requires reasonable foresight and, when the result complained of is not reasonably foreseeable in the exercise of due care, the party whose conduct is under investigation is not answerable therefor." *Newell v. Darnell,* 209 N. C., 254, 183 S. E., 374.

"What is proximate cause of an injury is ordinarily a question for the jury. It is not a question of science or legal knowledge. It is to be determined as a fact, in view of circumstances of fact attending it." *R. R. v. Kellogg, supra.*

Considering the evidence in the light most favorable for the plaintiff, we conclude that appellants' motion for judgment of nonsuit was properly denied. The instructions of the trial court to the jury on the issues submitted were free from error. After a careful examination of appellants' other assignments of error, based upon exceptions noted to the rulings of the court during the trial, we find no substantial or prejudicial error, sufficient to warrant the setting aside of the verdict and judgment. In the trial we find

No error.