H. O. HOLDERFIELD v. RUMMAGE BROTHERS TRUCKING COMPANY.

(Filed 22 November, 1950.)

**1. Negligence § 1—**

Negligence is the failure to perform some legal duty imposed by statute or the failure to observe the duty arising out of the conditions or the relationship between the parties to exercise due care and caution.

**2. Negligence § 5—**

The violation of a statute designed and intended to protect life or property renders the tort-feasor liable for all damages naturally and proximately resulting therefrom regardless of whether he could have foreseen such injurious result, but otherwise foreseeability is an element of proximate cause.

**3. Negligence § 11—**

Contributory negligence is the breach of duty of the plaintiff to exercise due care for his own safety in respect of the occurrence about which he complains, which bars recovery if one of the proximate contributing causes of his injury, foreseeability and proximate cause being essential elements of both negligence and contributory negligence.

**4. Master and Servant § 20: Negligence § 11—**

Where an employee has a choice of two places in which to do his work, one safe and the other dangerous, his duty to select the safe place is a duty owed by him to his employer, but he owes no such duty to third persons.

**5. Automobiles § 18c—**

Where a railroad employee, notwithstanding he might have chosen a safe place, chooses to ride on the pilot platform of the engine, he is under duty to anticipate injuries which might naturally and proximately result therefrom, such as the risk of being thrown from the platform by the sudden starting, stopping, or other negligent operation of the train, but he is not under duty to anticipate that a motorist will negligently operate his vehicle so as to collide with the train at a grade crossing and cause him injury, but to the contrary is entitled to assume that motorists approaching a grade crossing will exercise due care and obey the rules of the road.

**6. Automobiles § 18h (3)—**

Plaintiff, a railroad employee, chose to ride on the pilot platform of the engine instead of a safe place afforded him by his employer. Defendant's employee collided with the engine at a grade crossing as the result of his negligent operation of defendant's truck. *Held:* Whether plaintiff's selection of the position of peril on the engine was one of the proximate causes of his injury or whether his position simply afforded an opportunity for defendant's negligence to cause the injury, but which was not in itself a contributing cause, is a question for the jury, and the granting of nonsuit on the ground of contributory negligence was error.

APPEAL by plaintiff from *Williams, J.,* May Term, 1950, WAKE. Reversed.

Civil action in tort to recover damages proximately resulting from the alleged negligence of defendant's employee.

Plaintiff, at the time of his injury, was head brakeman on a Norfolk Southern local freight train being operated on a feeder or branch road from Candor to Ellerbe, N. C. He was riding on the pilot platform of the engine. The defendant's truck approached the railroad at a grade crossing, traveling at a high rate of speed. The driver first tried to turn his truck to the right, down a road that parallels the railroad. Because of his speed he was unable to make the turn. "He whipped it right back" to his left and drove on the railroad track immediately in front of the oncoming train. As a result, the engine of the train collided with the truck-trailer. Plaintiff was thrown "up underneath the smokebox" of the engine and received serious personal injuries.

The pilot platform is in front of the boiler or smokebox of the engine at the top and just back of the cowcatcher. It extends across the front of the engine and is wide enough to permit plaintiff to sit down with his legs extended without having his feet hang over the edge. Plaintiff was sitting "directly in the middle, directly in the center of the engine, in the center of the platform."

Plaintiff could have taken a seat in the caboose or the cab of the engine. It was at that time customary for brakemen on local trains operated on branch lines to ride on the pilot platform if they so desired. Plaintiff knew it was more dangerous to ride on the pilot platform than it was to ride in the cab or caboose.

The court below, at the conclusion of plaintiff's evidence in chief, sustained the motion of defendant for judgment as in case of nonsuit and signed judgment of dismissal. Plaintiff excepted and appealed.

*Douglass & McMillan for plaintiff appellant.*

*Wm. G. Pittman, J. Elsie Webb, and Smith, Leach & Anderson for defendant appellee.*

BARNHILL, J. There is ample evidence of the negligent operation of the truck to require the submission of appropriate issues to the jury. We may assume, therefore, that the court below concluded that the plaintiff was guilty of contributory negligence as a matter of law. It is upon this theory the cause is debated here.

Ordinarily, in actions founded on negligence, the mutual obligations of the parties are so apparent discussion thereof is not required. But here the "duty" feature of negligence is determinative.

Negligence is a failure to perform some duty imposed by law. It may be the breach of the duty imposed by some statute designed and intended to protect life or property. In that event the tort-feasor is liable for all damages which may naturally and proximately result from his wrong without regard to whether he could have foreseen such injurious result.

"Then we have the general duty of using due care and caution." *Drum v. Miller,* 135 N.C. 204. The existing conditions or the relation of the parties creates this duty, the breach of which may give rise to a cause of action for damages. But there must be some circumstance which imposes the duty such as the relationship of master and servant, owner and invitee, or the contemporaneous use of the same highway by two or more persons. The surrounding circumstances or the relation of the parties must create the duty before there can be any breach thereof. *Drum v. Miller, supra.*

Actionable negligence is the breach of the duty of the party sought to be charged to exercise ordinary care for the safety of the plaintiff and others similarly situated, which proximately causes the injury alleged. Contributory negligence is the breach of the duty of the plaintiff to exercise due care for his own safety in respect of the occurrence about which he complains, and if his failure to exercise due care for his own safety is one of the proximate contributing causes of his injury, it will bar recovery. Otherwise, there is no real distinction between actionable negligence on the one hand and contributory negligence on the other. Foreseeability and proximate cause are essential elements of both.

Where an employee has the choice of two ways in which to do his work, one safe and the other dangerous, he owes his employer the duty of selecting the safe way. This principle of law is so well established it needs no citation of authority to sustain it.

Where, as here, a brakeman or trainman has selected an unsafe and dangerous place to ride, and injury results, some courts hold that, as between him and his employer, he is guilty of contributory negligence as a matter of law. *Williams v. Monongahela Connecting R. Co.,* 72 A. 811; *Chattanooga & S. R. Co. v. Myers,* 37 S.E. 439; *Martin v. Kansas City M. & B. R. Co.,* 27 So. 646; *Warden v. Louisville & Nashville R. Co.,* 14 L.R.A. 552, and notes; *Balt. & P. R. R. Co. v. Jones,* 95 U.S. 439, 24 L. Ed. 506. Others hold that his conduct in selecting the dangerous way presents a question for the jury. *Southern Ry. Co. v. Harrison,* 24 So. 552; *Illinois Cent. R. Co. v. Carter,* 157 S.W. 719; *Chicago & E. R. Co. v. Kiracofe,* 95 N.E. 1117; *Milbourne v. Arnold Electric Power & Station Co.,* 103 N.W. 821; *Mo. Pac. Rly. Co. v. McCally,* 41 Kan. 639; *El Dorado & B. R. Co. v. Whatley,* 114 S.W. 234; *Powers v. Boston M. R. R.,* 56 N.E. 710.

The nearest approach to this particular phase of the question in our reports is *Wimberley v. R. R.,* 190 N.C. 444. There the cause was submitted to a jury. On appeal this decision was reversed on the ground there was no evidence of negligence on the part of the railroad. 273 U.S. 673, 71 L. Ed. 833. See also *Biles v. R. R.,* 143 N.C. 78.

When the plaintiff took his seat on the pilot he may be said to have assumed the risks naturally incident to his exposed position, such as the risk of being thrown from the platform by the sudden starting, stopping, or other negligent operation, of the train. Whether, as between him and his employer, his negligence in assuming a place so obviously dangerous constitutes contributory negligence as a matter of law we need not now say, for this is not the question presented for decision.

Bearing in mind that, as applied here, contributory negligence is the breach of the duty, if any, to exercise ordinary care for his own safety which the plaintiff owed the defendant under the circumstances then existing, it cannot be said as a matter of law that he was guilty of such negligence as would necessarily bar recovery; that is, as between him and the defendant, his position on the train, voluntarily assumed, does not constitute contributory negligence as a matter of law under the circumstances here disclosed. To so hold would bar recovery in most, if not all, actions founded on negligence. If the plaintiff had been elsewhere, or at a safer place, rather than at the scene of the accident, he would have received no injury. This is not the proper basis for decision. We start with the fact that he had voluntarily taken a seat on the pilot platform of the train and, while in that position, came in the line of defendant's operation of its truck. Was his mere presence there one of the proximate causes of his injury? This is the crux of the case.

Plaintiff owed no duty to the defendant or its truck driver. It was no concern of theirs whether he rode on the pilot platform or in the cab or in the caboose. They had no right to direct where he should ride or to complain that he chose a dangerous place when a safe place was available to him. However his act in assuming a dangerous place to ride may be labeled as between him and his employer, the jury may find here that the conduct of defendant's driver constitutes an independent, intervening act of negligence and that the position of plaintiff on the train was merely a condition or circumstance of the accident rather than one of the proximate causes thereof. *Powers v. Sternberg,* 213 N.C. 41, 195 S.E. 88; *Kryger v. Panaszy,* 195 A. 795; *Montambault v. Waterbury & Milldale T. Co.,* 120 A. 145; *Smithwick v. Hall & Upson Co.,* 21 A. 924, 12 L.R.A. 279.

Plaintiff was required to foresee those results which might naturally and proximately flow from his act in selecting a dangerous seat on the train. *Wood v. Telephone Co.,* 228 N.C. 605, 46 S.E. 2d 717, 3 A.L.R.

:2d 1; *Lee v. Upholstery Co.,* 227 N.C. 88, 40 S.E. 2d 688; *Boyette v. R. R.,* 227 N.C. 406, 42 S.E. 2d 462; *Ellis v. Refining Co.,* 214 N.C. 388, :199 S.E. 403.

He was not under the duty to anticipate or foresee the negligent con- ·duct of defendant's servant and its attendant results. Instead, he had ·the right to assume that defendant's driver and other motorists approach- ·ing the railroad at a grade crossing would exercise due care and obey ·the rules of the road. *Hobbs v. Coach Co.,* 225 N.C. 323, 34 S.E. 2d 211, :and cases cited; *Cummins v. Fruit Co.,* 225 N.C. 625, 36 S.E. 2d 11; *Tysinger v. Dairy Products,* 225 N.C. 717, 36 S.E. 2d 246; *Bobbitt v. Haynes,* 231 N.C. 373.

There is no case in this jurisdiction in which the facts are substan- ·tially identical. Counsel have not cited, and we have not found, any ·decision from any other jurisdiction with a similar fact situation. Yet ·there are cases in this and other jurisdictions in which the applicable principle of law has been invoked.

In *Graham v. Charlotte,* 186 N.C. 649, 120 S.E. 466, the plaintiff was ·riding on the side of a flat-bottom truck with his feet over the side and ·extending beyond the line of the wheels. He was injured when his feet ·came in contact with a post at the entrance of a bridge in Charlotte. It was held that as between him and the defendant, the question of proxi- mate cause was one for the jury.

In *Roberson v. Taxi Service, Inc.,* 214 N.C. 624, 200 S.E. 363, the ·plaintiff was riding on the left running board of an automobile which ·was being operated on its proper side of the highway. Defendant's taxi, proceeding in the opposite direction, cut across the center line of the ·highway and collided with the vehicle on which plaintiff was riding. Defendant contended that plaintiff, by voluntarily taking a position of ·danger on the running board of a moving automobile, committed an act ·of negligence which as a matter of law barred recovery. This Court ·held it was a question for the jury.

In *Kryger v. Panaszy, supra,* the plaintiff's intestate got on the run- ning board of an automobile, facing inside. The defendant suddenly ·and without warning backed a truck out of his driveway into the car. As a result, plaintiff's intestate was killed. It was insisted that the negligence of deceased barred recovery as a matter of law. The court did not agree. Instead, it said: "While the conduct of the deceased might ·be found negligent as regards the hazards naturally accompanying riding ·on a running board, that a truck such as the one operated by Panaszy should back out of a private driveway and crush her against the side of the car in which she was riding was not necessarily and as a matter of law a hazard in respect to which her conduct was negligent. In other ·words, even if the jury found that the decedent was negligent under the

circumstances in riding upon the running board, they might also have found that her position was a condition merely of her injury and not a cause of it."

In *Robinson v. American Ice Co.,* 292 Pa. 366, plaintiff was riding on the left front step of his employer's truck in violation of an ordinance. He was injured when defendant pulled his car out of a parking place into the traveled portion of the street, causing a collision with the truck and injury to plaintiff. The Court said: "The position of plaintiff on the truck is a mere incident in the line of defendant's unlawful act, which was not to be anticipated, and without which no harm would have resulted; it in no way contributed to the injury. He had the right to assume that the driver of the ice wagon would be regardful of his duties to and the rights of others on the highway, and would take care not to collide with him."

In a similar case, *Guile v. Greenberg,* 257 N.W. 649, the Court said: "Nothing that plaintiff did caused the two cars to come together . . . Plaintiff assumed risks naturally incident to his exposed position such as the risk of being thrown from the front of the truck upon starting, stopping, turning a corner, or hitting a bump on the road, etc. But in this case plaintiff's injuries did not come proximately from his exposed position voluntarily assumed." See also *Kuykendall v. Coach Line,* 196 N.C. 423, 145 S.E. 770; *Washington v. Gulf Refining Co.,* 257 Pa. 157; *Little v. Telegraph Co.,* 213 Pa. 229; *Montambault v. Waterbury & Milldale T. Co., supra; Smithwick v. Hall & Upson, supra;* Anno. 80 A.L.R. 558 and 104 A.L.R. 326.

So then the mere fact the plaintiff assumed a position of peril on the pilot platform of the train, standing alone, is not sufficient to bar his recovery. To charge him with contributory negligence it must be made to appear that he had knowledge of the risk which caused his injury and that, having opportunity either to incur it or to avoid it, he voluntarily chose to incur it. If his position simply afforded an opportunity for defendant's negligence to cause injury, but was not in itself a contributing cause of the injury, there was no negligence on his part.

It follows that the question presented is one for a jury to decide. For that reason the judgment entered is

Reversed.